**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel GARCIA, Defendant–Appellant.**

No. 94–6673.

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1995.

Decided Sept. 11, 1995.

**18**

**ARGUED:** Kimberly A. Clark, Third Year Law Student, Charlottesville, VA, for appellant. Fenita Talore Morris, Assistant United States Attorney, Raleigh, NC, for appellee. **ON BRIEF:** Neal L. Walters, Gilliam, Scott & Kroner, P.C., Charlottesville, VA, for appellant. Janice McKenzie Cole, United States Attorney, Raleigh, NC, for appellee.

Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Affirmed by published opinion. Judge HALL wrote the opinion, in which Senior Judge BUTZNER joined. Judge MURNAGHAN wrote a separate opinion, concurring in part and dissenting in part.

## OPINION

K.K. HALL, Circuit Judge:

Daniel Garcia appeals an order striking his response to the government's motion to dismiss because it was untimely. He also asserts that he has appealed an order dismissing his motion for return of property seized from him during a drug raid in 1986. We hold that he has appealed both orders, but we affirm the judgment of the district court.

1. Garcia's sentence was the subject of a prior case in this circuit. *See United States v. Garcia*, 956 F.2d 41 (4th Cir.1992).

2. The notice of appeal was timely. We agree with those circuits that have held that a motion for return of property, at least where no criminal proceedings are pending, is a civil action against the United States. *See, e.g., Hunt v. Department of Justice*, 2 F.3d 96, 97 (5th Cir.1993), and cases cited therein. Consequently, the sixty-day period

### I.

Daniel Garcia is a Colombian drug dealer serving a fifteen-year sentence for cocaine distribution.[1] His conviction occurred in the Eastern District of North Carolina, but he was arrested in Fort Lauderdale, Florida. During a search incident to his arrest, the Drug Enforcement Administration (DEA) seized two guns, an attache case, a check register, an address book, Garcia's passport, credit cards, and other miscellaneous papers. Though these items were seized on November 14, 1986, no action has been brought for forfeiture of any of them. According to the government, the property is still held by the DEA in Fort Lauderdale.

On March 31, 1994, Garcia filed a motion in the district court for the Eastern District of North Carolina, under Fed.R.Crim.P. 41(e), for return of his property. The government filed a response on April 18, 1994, which asserted that the district court lacked jurisdiction because the seizure took place in the Southern District of Florida.

On April 26, 1994, the district court dismissed the action for lack of jurisdiction. The original of this order is not in the district court clerk's file, and it was not noted on the docket until this appeal was pending. Whether it was served on Garcia is impossible to tell from the record.

On May 2, 1994, Garcia filed a reply to the government's response. He argued that the district court where he was tried had ancillary jurisdiction over his action for return of seized property. On May 13, the district court struck the reply as moot, noting that it had already dismissed the action.

Garcia filed a notice of appeal on June 9.[2] It identified the May 13 order by date, which it characterized once as dismissing his motion for return of property and a second time as dismissing his reply.[3] The govern-

for appeals in civil actions in which the United States is a party (Fed.R.App.P. 4(a)(1)), rather than the ten-day period for appeals in criminal cases (Fed.R.App.P. 4(b)), applies here.

3. The notice of appeal is styled "DEFENDANT, DANIEL GARCIA'S NOTICE OF INTENT TO APPEAL THE DECISION OF THE U.S. DISTRICT COURT FILED MAY 13th, 1994 DISMISSING THE DEFENDANT'S MOTION FOR

ment contends that the merits of the April 26 order are not before us, so we will turn to that question first.

## II.

■ Fed.R.App.P. 3(c) states, in pertinent part:

A notice of appeal ... must designate the judgment, order, or part thereof appealed from, and must name the court to which the appeal is taken. An appeal will not be dismissed for informality of form or title of the notice of appeal,....

Garcia's pro se notice of appeal identifies the May 13 order by date but also describes it as "dismissing the defendant's motion for return of personal property." Though orders can be and commonly are identified by their dates of entry, nothing in Rule 3(c) requires an appellant to "designate" an order by date. Moreover, pleadings under Rule 3 are liberally construed, especially pro se pleadings. *Smith v. Barry,* 985 F.2d 180, 183 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 207, 126 L.Ed.2d 164 (1993). *See also Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316–317, 108 S.Ct. 2405, 2408–09, 101 L.Ed.2d 285 (1988) ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."); *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962) (though form of notice of appeal was "inept," it was effective to appeal an order where the appellant's intention to appeal that

order was "manifest"). In *Smith,* complying with the Supreme Court's holding[4] that a document entitled "informal brief" could serve as a notice of appeal, we held that an "informal brief" that asked simply for a "new trial on all issues triable by Jury" was sufficient to designate the district court's order granting a directed verdict. Garcia's notice of appeal is certainly as good as the one held adequate in *Smith.*

We recognize, as well, that Garcia noted an appeal of the only order entered on the docket.[5] This order refers to the district court's earlier dismissal of Garcia's claim, but, without any such order being entered, Garcia could have concluded that the May 13 order incorporated the dismissal. *Cf. Barber v. Whirlpool Corp.,* 34 F.3d 1268, 1275 (4th Cir.1994) (though final judgment was not set forth in separate document, district court's opinion-order "represent[ed]" it, and court of appeals retained jurisdiction). In any event, we think that Garcia's notice of appeal clearly "designates" the dismissal of his action as an order he wishes to appeal.[6]

## III.

■ Fed.R.Crim.P. 41(e) states, in pertinent part:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.... If a motion for return of property is made or

RETURN OF PERSONAL PROPERTY." The text of the notice reads:
Please accept this notification of Daniel Garcia informing the United States District Court that he hereby does appeal the May 13th, 1994 Filing and Order of the Honorable United States District Court Judge—Terrence W. Boyle. Defendant now asks that all records in this matter be made available to the FOURTH CIRCUIT COURT OF APPEALS when requested and made available. Defendant avers that his response to the Government's Response was timely and therefore should not have been dismissed.

4. *Smith v. Barry,* 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992).

5. The district court clerk corrected the docket sheet after this appeal was filed, and the joint appendix contains both the original and corrected sheets.

6. The government relies on *Foster v. Tandy Corp.,* 828 F.2d 1052, 1059 (4th Cir.1987), but *Foster* does not control here. In *Foster,* we held that the notice of appeal—which is not quoted in the case—failed to "set out as a basis for appeal the granting of [a] motion for a directed verdict." Garcia's notice does indeed "set out as a basis for appeal" the dismissal of the suit.

comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

The first sentence of the Rule clearly allows this suit to be brought in Florida. The second sentence can apply only to a pending criminal proceeding, inasmuch as that is the only possible forum for a Rule 12 motion to suppress. A reasonable interpretation of that sentence is that a person may move for return of property in the district of trial while the proceeding is pending. In such a situation the trial court has the authority, under principles of "ancillary" jurisdiction, to address a Rule 41(e) motion. But we find no support, in the text of the rule or in policy, for continuing a trial court's "ancillary" jurisdiction where, as here, the criminal proceeding has long since ended and the trial court exercises no control over the property.

Nonetheless, in a case lacking analysis of the rule's text, the Second Circuit has held that the trial court retains "ancillary" jurisdiction after the underlying criminal case has ended. *United States v. Giovanelli*, 998 F.2d 116 (2nd Cir.1993).

In a more recent case, the Second Circuit explained the *Giovanelli* holding. Because a post-conviction motion to return property is a civil action, the Second Circuit concluded that Rule 41(e) is wholly inapplicable, and the action is instead deemed to be brought under 28 U.S.C. § 1346(a)(2). *Toure v. United States*, 24 F.3d 444, 445 (2nd Cir.1994). The Eighth Circuit, also without discussing Rule 41(e), recently adopted the *Giovanelli* rule and added the additional flourish that a filing in the district of seizure, as required by the rule, is not proper. *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir.1995).

With all respect for our sister circuits, we are constrained to reject these holdings. While we agree that a postconviction motion for return of property is a civil action, we disagree that it is therefore not governed by Rule 41(e)'s venue provision. The Federal Rules of Criminal Procedure apply not only to criminal proceedings, but also, "whenever specifically provided in one of the rules, to preliminary, supplementary, and special proceedings before United States magistrate judges and at proceedings before state and local judicial officers." Fed.R.Crim.P. 1. Rule 41(e) is contained within part IX of the rules, entitled "Supplementary and Special Proceedings"; accordingly, the "civil" character of this action does not render this rule of criminal procedure inapplicable.

Moreover, Rule 41(e) plainly applies where no criminal proceeding is pending or even contemplated. The rule was substantially amended in 1989, and the advisory committee explained (in pertinent part, citations omitted):

> The amendment to Rule 41(e) conforms the rule to the practice in most districts and eliminates language that is somewhat confusing. The Supreme Court has upheld warrants for the search and seizure of property in the possession of persons who are not suspected of criminal activity. Before the amendment, Rule 41(e) permitted such persons to seek return of their property if they were aggrieved by an unlawful search and seizure. But, the rule failed to address the harm that may result from the interference with the lawful use of property by persons who are not suspected of wrongdoing. Courts have recognized that once the government no longer has a need to use evidence, it should be returned. Prior to the amendment, Rule 41(e) did not explicitly recognize a right of a property owner to obtain return of lawfully seized property even though the government might be able to protect its legitimate law enforcement interests in the property despite its return—*e.g.*, by copying documents or by conditioning the return on governmental access to the property at a future time. As amended, Rule 41(e) provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it.

Thus, if aggrieved by a seizure of property, complete strangers to the criminal proceeding or investigation may bring Rule 41(e) actions, and lawfully seized property may be recovered under the rule "once the government no longer has a need" for it. We

conclude that Rule 41(e), with its district-of-seizure venue provision, applies to all actions to recover property seized in connection with a criminal investigation, notwithstanding their "civil" nature. Garcia's suit should have been brought in the Southern District of Florida.

The judgment of the district court is affirmed.

*AFFIRMED.*

MURNAGHAN, Circuit Judge, concurring in part and dissenting in part:

Although I concur with the majority's determination that there exists appellate jurisdiction here, I respectfully dissent as to its holding that only the district court in Florida where seizure took place has jurisdiction to try the case. The majority's conclusion on the second point is at war with the existing authority in the few circuits that have addressed the issue, specifically the Second Circuit in *United States v. Giovanelli,* 998 F.2d 116 (2d Cir.1993), and the Eighth Circuit in *Thompson v. Covington,* 47 F.3d 974 (8th Cir.1995). Although we are not bound to follow the law of our sister circuits, I find their interpretation of Fed.R.Crim.P. 41(e) persuasive. I therefore dissent. We should not push unnecessarily for a conflict among the circuits.

Contrary to the majority's assertions, I do not find that the language of Rule 41(e) is dispositive of the issue of jurisdiction. Rule 41(e) asserts merely the positive rule that a person aggrieved by an deprivation of property "*may* move the district court for the district in which the property was seized for the return of the property." Fed.R.Crim.P. 41(e) (emphasis added). It in no way therefore mandates the negative rule that such person "may not sue elsewhere." Thus, at the very least, the language of the rule does not preclude the application of the general principles of ancillary jurisdiction to the case at bar.

Ancillary jurisdiction is afforded in special cases to courts, which would otherwise lack jurisdiction, in order to ensure that a particular case is handled in its entirety by one court and to further the principles of judicial economy. *Morrow v. District of Columbia,* 417 F.2d 728, 740 (D.C.Cir.1969). In particular, ancillary jurisdiction is appropriate where: (1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main proceeding, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter can be settled to protect the integrity of the main proceeding or to ensure that the disposition in the main proceeding will not be frustrated. *Id.* The application of those principles to the instant case suggests that ancillary jurisdiction would be appropriate here in light of the fact that all of the other aspects of the government's case against Garcia were handled by the district court for the Eastern District of North Carolina.

Additionally, the majority's interpretation of Rule 41(e) would be most unfortunate in any of the numerous cases in which the unlawful seizure of property occurs in several districts rather than in one district. (There are other districts in North Carolina than the Eastern District of North Carolina and more than 50 throughout the other United States.) Indeed, under the majority's interpretation of the rule, persons whose property has been seized in several districts would be forced to file separate post-trial motions for return of property in each of the individual districts in which seizure occurred rather than in the one district (here, the Eastern District of North Carolina) in which the individual was tried. The basic principles of judicial economy suggest that such an outcome would be regrettable and unduly burdensome.

For the foregoing reasons, I respectfully dissent as to the majority's finding that jurisdiction would be appropriate only in the district in which the seizure of property occurred even when the trial took place in another district.