**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-6360

HENRY JAMES WRIGHT, a/k/a Shawn
Denvers,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-7088

HENRY JAMES WRIGHT, a/k/a Shawn
Denvers,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-85-9-R)

Submitted: August 13, 1996

Decided: September 13, 1996

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

No. 96-6360 affirmed in part and dismissed in part and No. 96-7088
dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Henry James Wright, Appellant Pro Se. Gurney Wingate Grant, II, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

These consolidated appeals involve challenges to numerous orders concerning Henry James Wright's federal convictions. In Appeal No. 96-6360, Wright appeals from the district court's order denying his second Fed. R. Civ. P. 60(b) motion for reconsideration of its order vacating his three consecutive two-year prison sentences for three Mann Act violations, 18 U.S.C. § 2421 (1988), and resentencing him to two years imprisonment for a single Mann Act conviction. Wright also appeals from several orders concerning his Fed. R. Crim. P. 41(e) motion for return of property and his Fed. R. Crim. P. 29 motion for judgment of acquittal. In Appeal No. 96-7088, Wright appeals from the district court's order dismissing his motion filed pursuant to 28 U.S.C. § 2255 (1988), as amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. For the reasons discussed below, in No. 96-6360, we affirm in part and dismiss in part, and in No. 96-7088, we deny a certificate of appealability and dismiss.

I.

No. 96-6360

In 1986, Wright was convicted on several counts of tax evasion, 26 U.S.C. § 7201 (1988), 18 U.S.C. § 2 (1988), three counts of white

2

slave trafficking, 18 U.S.C. § 2421 (1988) (the Mann Act), and one count of interstate transportation in aid of racketeering, 18 U.S.C. § 1952 (1988) (the Travel Act). Following his convictions, Wright filed a 28 U.S.C. § 2255 (1988) action. On appeal, this Court determined that Wright's single act of transporting three women across state lines for prostitution constituted only one Mann Act violation and remanded the case for resentencing. The district court vacated the sentences it imposed for the three Mann Act counts and imposed a two-year prison sentence for a single Mann Act violation. After the district court denied his first Fed. R. Civ. P. 60(b) motion for reconsideration, Wright filed a second Rule 60(b) motion, which the court also denied. Wright now appeals that order.

The district court's January 5 order construed the second motion as a motion for clarification of the resentencing order. The court clarified its order and we find that it did not exceed its discretion in declining to grant further relief. See National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993) (applying abuse of discretion standard to Rule 60(b) motions).

II.

On June 7, 1996, Wright filed an amended notice of appeal challenging orders the district court entered on January 11, January 26, February 22, March 1, and April 5. These orders involve primarily Wright's Fed. R. Crim. P. 41(e) motions for return of property. Applying the Fed. R. App. P. 4(a) sixty-day appeal period, United States v. Garcia, 65 F.3d 17, 19-20 (4th Cir. 1995), Wright's June 7 amended notice of appeal is untimely as to all but portions of the April 5 order. The appeal also is untimely as to the portion of the April 5 order denying Wright's motion for reconsideration of the March 1 order denying his Fed. R. Crim. P. 29 motion for acquittal, because the amended notice of appeal was filed outside the 10-day appeal period established for criminal appeals. See Fed. R. App. P. 4(b). We therefore dismiss as untimely the appeal of all these other orders except the portion of the April 5 order denying Wright's motion for reconsideration of the February 22 order and the portion of the March 1 order denying his motion to amend his Rule 41(e) motion.

3

III.

In the portion of the April 5 order for which Wright filed a timely appeal, the district court addressed Wright's motion for reconsideration of the February 22 and March 1 orders. The February 22 order denied Wright's motion for return of property for failure to demonstrate his lawful right to the property despite the court's repeated warnings that Wright must do so, and denied as meritless Wright's motion to have a three judge panel consider all his pleadings.* The March 1 order denied Wright's motion to amend his Rule 41(e) motion.

The district court did not exceed its discretion in its April 5 order by denying Wright's motion for reconsideration of the February 22 order denying his Rule 41(e) motion. Proceedings brought pursuant to Rule 41(e) are equitable in nature. Floyd v. United States, 860 F.2d 999, 1003 (10th Cir. 1988); see also Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3705 (U.S. Apr. 25, 1994) (No. 93-8393). This court reviews the denial of a Rule 41(e) motion for abuse of discretion. Ramsden, 2 F.3d at 324. Included in the equitable considerations is the doctrine of laches. See Shakespeare Co. v. Silstar Corp. of Am., 9 F.3d 1091, 1095 (4th Cir. 1993), cert. denied, #6D6D 6D# U.S. ___, 62 U.S.L.W. 3790 (U.S. May 31, 1994) (No. 93-1568).

It appears from Wright's rambling pleadings that the property seizure in this case occurred in 1985. Wright's Rule 41(e) motion was filed in 1995, ten years after the seizure. Therefore, in addition to failing to respond adequately to the district court's order to demonstrate his right to possession of the property, Wright is guilty of laches for failing to make a timely motion for return of his property. Consequently, we find that the district court did not exceed its discretion by denying relief.

_____
*To the extent that Wright's motion for a three judge panel could be construed as a motion for recusal of the district court judge, he has failed to show any bias that would justify such recusal. In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

4

The district court also did not exceed its discretion by denying Wright's motion for reconsideration of the March 1 order denying Wright's motion to amend his Rule 41(e) motion. Because that motion had already been dismissed, the motion to amend was untimely.

Because the district court's February 22 and March 1 orders were proper, the court did not exceed its discretion by entering an order on April 5 denying Wright's motion for reconsideration of those orders.

IV.

Wright also attempted to appeal any adverse order the court entered concerning his second motion filed pursuant to 28 U.S.C. § 2255. Because the district court had not yet ruled on this motion when Wright filed his notice of appeal, the notice of appeal was without effect as to that order. The court later denied the motion and, in Appeal No. 96-7088, Wright filed a separate appeal of that order.

V.

No. 96-7088

In No. 96-7088, Wright appeals from the district court's order denying his § 2255 motion. We have reviewed the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss on the reasoning of the district court. United States v. Wright, No. CR-85-9-R (E.D. Va. June 14, 1996).

VI.

For these reasons, in No. 96-6360, we affirm the district court's January 5 order clarifying its resentencing order and the court's April 5 order denying Wright's motion for reconsideration of the February 22 and March 1 orders. We dismiss as untimely the appeal of the other orders and deny Wright's motion to transfer the appeal to the United States Supreme Court. In No. 96-7088, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented

5

in the materials before the court and argument would not aid the decisional process.

No. 96-6360 - <u>AFFIRMED IN PART, DISMISSED IN PART</u>

No. 96-7088 - <u>DISMISSED</u>

6