UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-7676

VIELKA DUDLEY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-7857

VIELKA DUDLEY,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-88-11-A)

Submitted: April 14, 1998

Decided: May 27, 1998

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Vielka Dudley, Appellant Pro Se. Gordon Dean Kromberg, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Vielka Dudley appeals from the district court's orders denying her motion under Fed. R. Crim. P. 41(e) for the return of property seized from her as part of a criminal investigation and denying her motions for reconsideration.* The record shows that Dudley's property was seized by the United States Customs Service on December 20, 1987. Dudley did not bring the instant claim until September 5, 1997. The district court found that Dudley's claim was barred by the six-year statute of limitations found in 28 U.S.C. § 2401(a) (1994).

A postconviction motion for return of property seized as part of a criminal investigation brought under Fed. R. Crim. P. 41(e) is an equitable civil action. See United States v. Garcia, 65 F.3d 17, 20-21 (4th Cir. 1995). Such an action is subject to the general six-year statute of limitations for suits brought against the United States. See 28 U.S.C. § 2401(a). Dudley's cause of action accrued on December 20, 1987, the date her property was seized. Because Dudley's claim was not filed until 1997, almost ten years after the seizure, her claim is barred by the statute of limitations. See 28 U.S.C. § 2401(a).

Accordingly, we affirm the district court's dismissal of Dudley's claim as barred by limitations and the court's denial of Dudley's motions for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materi-

_____

*Dudley also appealed from the district court order denying her motion for postconviction relief. Her appeals were consolidated, and in her informal brief, Dudley failed to raise any issues as to the denial of her motion for postconviction relief. Accordingly, this claim has been waived. See 4th Cir. Local R. 34(b). Thus, we affirm the district court's order as to this claim.

2

als before the court and argument would not aid the decisional process.

AFFIRMED

3