**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 98-7854**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EDWARD ELLERBE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-97-100)

———————

Submitted:  March 25, 1999          Decided:  March 31, 1999

———————

Before WILKINS and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————

Dismissed by unpublished opinion per curiam opinion.

———————

James Edward Ellerbe, Appellant Pro Se.  John Samuel Bowler, Assistant United States Attorney, Anne Margaret Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Ellerbe filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). A post-conviction motion for return of property filed under Fed. R. Crim. P. 41(e) is a civil action. See United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995). In civil actions in which the United States or an officer or agency thereof is a party, a party is accorded sixty days within which to file in the district court a notice of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on October 1, 1998; Ellerbe's notice of appeal was dated December 6, and filed on December 14, 1998, both of which are beyond the sixty-day appeal period. Ellerbe's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Ellerbe's appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the ma-

2

terials before the court and argument would not aid the decisional process.

DISMISSED