**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 98-7681

TERRY LEE ROBINSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Richard L. Voorhees, Chief District Judge.
(CR-90-215-A, CA-97-122-1-2-V)

Submitted: April 20, 1999

Decided: May 3, 1999

Before WIDENER and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Terry Lee Robinson, Appellant Pro Se. Jerry Wayne Miller, OFFICE
OF THE UNITED STATES ATTORNEY, Asheville, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Terry Lee Robinson appeals from district court orders denying his motion to vacate, set aside, or correct sentence under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) and denying his motion for leave to submit traverse. On June 2, 1998, the district court entered an order dismissing Robinson's § 2255 motion as untimely, having determined that the Antiterrorism and Effective Death Penalty Act (AEDPA) required Robinson to have filed the motion within one year of the date on which the judgment of conviction became final.* On July 9, 1998, Robinson filed a "Motion for Leave of Court to Submit Traverse in Reference to Respondents Answer." Robinson's motion to submit traverse does not mention the district court's June 2 order dismissing his § 2255 motion and states no intent to appeal to this Court. The district court denied Robinson's motion for leave to submit traverse on October 8, 1998. Robinson filed a notice of appeal on October 21, 1998.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are mandatory and jurisdictional. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). In civil actions in which the United States or an officer or agency thereof is a party, all parties are accorded sixty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). Exceptions to the appeal period may be had only if the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). Robinson's notice of appeal was filed more than four months after the district court's order dismissing his § 2255 motion. Furthermore,

_____

*The order was entered before this Court's decision in Brown v. Angelone, 150 F.3d 370, 374-76 (4th Cir. 1998).

2

Robinson's motion for leave to submit traverse cannot be construed as a notice of appeal because there is nothing in the pleading to suggest that an appeal to this Court was sought. See Fed. R. App. P. 3(c); United States v. Garcia, 65 F.3d 17, 19 (4th Cir. 1995) (holding that court may find litigant has complied with a rule where pleading is functional equivalent of what the rule requires). Because the notice of appeal was untimely as to the June 2 order of dismissal, this Court is without jurisdiction to consider the merits of the appeal as to that order.

To the extent that Robinson's motion to submit traverse could be liberally construed as a motion for relief from judgment under Fed. R. Civ. P. Rule 60(b), his appeal from the district court's denial of that motion is timely. Rule 60(b) allows a court, on motion and upon just terms, to relieve a party from final judgment for mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief. See Fed. R. Civ. P. 60(b). This Court reviews the grant or denial of Rule 60(b) motions for abuse of discretion. See National Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995). A district court abuses its discretion if its ruling is based on either an erroneous view of the law or a clearly erroneous assessment of the evidence. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Brubaker v. City of Richmond, 943 F.2d 1363, 1374 (4th Cir. 1991).

The order denying Robinson's motion to submit traverse did not address the rule of Brown v. Angelone that prisoners whose convictions became final prior to the effective date of the AEDPA have a grace period within which to file a § 2255 motion. See Brown, 150 F.3d at 374-76. However, under Brown, Robinson's § 2255 motion was timely if it was in fact delivered to prison officials for mailing on April 23, 1997. See Houston v. Lack, 487 U.S. 266 (1988).

We therefore vacate the October 8, 1998 order denying Robinson's motion for leave to submit traverse, which may be liberally construed as a motion under Rule 60(b), and remand to the district court for further proceedings in order to ascertain whether, in light of Brown v. Angelone, Robinson's § 2255 motion was timely. We deny a certificate of appealability and dismiss the appeal of the June 2, 1998 order of dismissal as untimely. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART, VACATED IN PART, AND REMANDED

4