NIEMEYER, Circuit Judge,
dissenting.
Two weeks after Yitschak Ebert was sentenced in this case in the Eastern District of North Carolina, he filed a motion in the same court to obtain return of his property seized when he was arrested. The property, which had been seized in the Southern District of New York, was being stored in the Eastern District of North Carolina, where Ebert was tried. Ebert brought his motion for return of his property under Federal Rule of Criminal Procedure 41(e).
Rule 41(e) provides that a motion for return of property may be filed in the district in which the property was seized. It provides further, “If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.” Fed.R.Crim.P. 41(e) (emphasis added). These provisions establish that a motion under Rule 41(e) need not always be filed in the district of seizure but may also be filed in the district of trial. Of course if a motion is filed in the district of trial after an indictment or information is filed, it is to be treated as a motion to suppress. Thus, applying the plain language of Rule 41(e), the motion in this case could have been filed in either the Southern District of New York or the Eastern District of North Carolina.
However, in United States v. Garcia, 65 F.3d 17 (4th Cir.1995), we noted, as a matter of practicality and convenience, that a Rule 41(e) motion may be filed in the district of trial only during a “pending criminal proceeding.” Id. at 20. And we held in that case that because the criminal proceeding had “long since ended” and the trial court no longer exercised “control over the property,” the Rule 41(e) motion should have been filed in the venue where the property was seized. Id.
But this case is quite distinct from the circumstances in Garcia. Here, the trial was not “long since ended” and the district court did have control over the property. Ebert had just been sentenced two weeks earlier, and his case was still pending, as it was on appeal. The property was located in the Eastern District of North Carolina, and the district court there would be the court most informed about its proper disposition.
It serves no useful principle—except perhaps the impraetieality of deep bureaucracy—to now require Ebert to go back to New York to file his motion only to have the attorneys there consult the United *895 States Attorneys and other court officials in the Eastern District of North Carolina with respect to the proper disposition of the motion. In ruling that Ebert must go to New York, the majority reads Garcia with the hard hand justified only in applying jurisdictional jurisprudence, not that called for when applying an optional venue principle. It is thus understandable that the majority found itself somewhat puzzled by the holding in Garcia, ante at-- -, and that it sent Ebert to New York “with some reluctance,” ante at-.
Without the regrets expressed by the majority, I would readily reverse.