**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-8110**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOSE M. GOMEZ,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:08-cr-00083-WDQ-1)

_____

Submitted: May 6, 2010              Decided: June 14, 2010

_____

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jose M. Gomez, Appellant Pro Se. Albert David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose M. Gomez appeals the district court's order denying his motion for return of property under Fed. R. Crim. P. 41(g), and his subsequent motion to alter or amend the judgment.

The denial of a motion for return of property under Fed. R. Crim. P. 41(g) is reviewed for an abuse of discretion. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). A district court abuses its discretion when it fails or refuses to exercise its discretion, fails "adequately to take into account judicially recognized factors constraining its exercise" of discretion, or exercises its discretion based upon "erroneous factual or legal premises." James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Under Fed. R. Crim. P. 41(g), "[a] person aggrieved by an unlawful seizure of property or by the deprivation of property may move for the property's return." A motion for return of property, where no criminal proceedings are pending, is a civil action against the United States. United States v. Garcia, 65 F.3d 17, 19 n.2 (4th Cir. 1995).

We have reviewed the record and conclude that the district court did not abuse its discretion in denying Gomez's motion for return of property. The United States never had actual or constructive possession of the property that is the

subject of Gomez's motions, and is thus not the proper party to an action for return of that property.

We also conclude that the district court did not abuse its discretion in denying Gomez's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have recognized three grounds for amending or altering an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). We have reviewed the record and conclude that Gomez's motion does not satisfy any of these grounds.

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED