**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6248

KEITH ALAN CLARK,

                    Petitioner - Appellant,

          v.

LARRY CARTLEDGE, Warden Perry Correctional Institution,

                    Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.   Bruce H. Hendricks, District Judge.   (0:13-cv-00351-BHH)

Argued:  May 12, 2016              Decided:  July 12, 2016

Before GREGORY, Chief Judge, and NIEMEYER and HARRIS, Circuit Judges.

Jurisdiction affirmed by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Harris joined.  Judge Niemeyer wrote a dissenting opinion.

**ARGUED:**  Dana Wallace, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant.  Susannah Rawl Cole, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.  **ON BRIEF:**  Stephen L. Braga, Jude Halawi, Third Year Law Student, Andrew Selman, Third Year Law Student, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Alan Wilson, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Donald J. Zelenka, Senior Assistant Deputy

Attorney General, Brendan J. McDonald, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

GREGORY, Chief Judge:

Rule 3 of the Federal Rules of Appellate Procedure conditions federal appellate jurisdiction on the filing of a timely notice of appeal. In this case, we hold that a document filed by a pro se litigant as an extension of time to request a certificate of appealability qualifies as the notice of appeal required by Rule 3.

I.

In 2006, Keith Alan Clark, after a jury trial in South Carolina, was found guilty of kidnapping and assault with intent to commit criminal sexual conduct. The trial court sentenced Clark to concurrent sentences of thirty years. After a series of unsuccessful appeals and postconviction procedures in South Carolina courts, Clark filed a pro se petition for writ of habeas corpus in the U.S. District Court for the District of South Carolina pursuant to 28 U.S.C. § 2254. Clark alleged several constitutional violations stemming from his conviction, including, among others, that he received ineffective assistance of counsel in violation of the Sixth Amendment.

In response to Clark's petition, the state, representing Warden Larry Cartledge, filed a motion for summary judgment, which was referred to a magistrate judge. On February 3, 2014, the magistrate judge issued a report and recommendation,

recommending that the state's motion for summary judgment be granted. Clark then timely filed objections to the report and recommendation. On December 4, 2014, the district court issued its judgment and order, overruling Clark's objections and adopting the magistrate judge's report and recommendation. In that same order, the district court denied Clark a certificate of appealability, finding that he failed to meet 28 U.S.C. § 2253(c)'s standard for issuance of such a certificate.

On December 18, 2014, Clark, still pro se, filed a motion for extension of time to request a certificate of appealability.[1] The question at heart in this case is whether this motion, filed within the thirty day requirement of Federal Rule of Appellate Procedure 4, is the functional equivalent of a formal notice of appeal demanded by Rule 3. See Becker v. Montgomery, 532 U.S. 757, 765 (2001) (stating that a party seeking appellate review must comply with the "linked jurisdictional provisions" of Rules 3 and 4 of the Rules of Appellate Procedure). If we construe the motion for an extension of time as a notice of appeal, then all events that occurred in the district court after the notice of appeal was filed are of no moment, as a "timely filed notice

---

[1] The district court denied Clark's motion in a text order on December 23, 2014. On January 22, 2015, Clark filed a motion for certificate of appealability with the district court, which the court denied on January 27, 2015. Clark then filed a notice of appeal on February 11, 2015.

4

of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014).

## II.

We review our own jurisdiction de novo and must raise the issue sua sponte. Kporlor v. Holder, 597 F.3d 222, 225 (4th Cir. 2010).

Federal Rule of Appellate Procedure 3(c) dictates that a "notice of appeal must specify the party or parties taking the appeal . . .; designate the judgment, order or part thereof being appealed; and name the court to which the appeal is taken." Fed. R. App. P. 3(c). In addition, the notice of appeal "must specifically indicate the litigant's intent to seek appellate review . . . [to] ensure that the filing provides sufficient notice to other parties and the courts." Smith v. Barry, 502 U.S. 244, 248 (1992).

While the requirements of Rule 3 serve important purposes and are mandatory and "jurisdictional in nature," Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988), "functional" rather than formalistic compliance is all that is required, Smith, 502 U.S. at 248. As another subsection of Rule 3 warns, an appeal "must not be dismissed for informality of form or

5

title . . . , or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). And as the Supreme Court has instructed, "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." Becker, 532 U.S. at 767.

Courts thus "will liberally construe the requirements of Rule 3," Smith, 502 U.S. at 248, to permit notices of appeal "technically at variance with the letter of a procedural rule" but that amount to "the functional equivalent of what the rule requires," Torres, 487 U.S. at 316–17. We, moreover, have held that the policy of construing notices of appeal liberally applies "especially" to pro se filings. United States v. Garcia, 65 F.3d 17, 19 (4th Cir. 1995). Therefore, as long as the pro se party's notice of appeal provided the notice required by Rule 3, evinced an intent to appeal an order or judgment of the district court, and the appellee was not prejudiced or misled by the notice, then the notice's technical deficiencies will not bar appellate jurisdiction. See Jackson v. Lightsey, 775 F.3d 170, 175-76 (4th Cir. 2014) ("Where a challenged notice of appeal has provided adequate notice and caused the complaining party no prejudice, there is no reason to allow a 'technical impediment[ ]' to foreclose appellate review." (quotation and citations omitted)); Canady v. Crestar Mortg.

6

<u>Corp.</u>, 109 F.3d 969, 974-75 (4th Cir. 1997) (finding compliance with Rule 3 in light of adequate notice and lack of prejudice to the appellee); <u>Smith</u>, 502 U.S. at 248 (notice afforded by a document determines the document's sufficiency as a notice of appeal).

## III.

With these principles in mind, we turn to the facts of this case. Clark filed a "Motion for Extension of Time to request for a Certificate of Appealability." J.A. 621. Clark, represented by counsel on appeal, contends that his motion served as the functional equivalent of a notice of appeal because it specified the party taking the appeal and the order being appealed. Clark further argues that while his motion did not specify the court to which the appeal was being taken, we have allowed appeals where "there is only one possible appellate forum," even when the party fails to "add the words 'Fourth Circuit' to [their] notice of appeal." <u>Jackson</u>, 775 F.3d at 175-76. We agree.

In that motion, Clark identifies himself as the person who intends to appeal, as well as the order he intends to appeal – the district court's order denying his objections to the magistrate judge's report and recommendation. Moreover, Clark's intent to appeal to this Court "is obvious – the term

7

'certificate of appealability' necessarily refers to an appeal to the relevant court of appeals." Wells v. Ryker, 591 F.3d 562, 565 (7th Cir. 2010); see also 28 U.S.C. § 2253 (allowing review of a final order "by the court of appeals for the circuit in which the proceeding is held" only if a "circuit justice or judge issues a certificate of appealability").

The state does not, and cannot, seriously dispute that Clark's motion complied with Rule 3. In fact, the state conceded during oral argument that Clark's motion satisfied the notice requirements of Rule 3. Rather, the state argues that Clark's motion did not convey any intention to appeal at all, and "shows only that he may wish to seek appellate review at some point in the future;" "in other words, [the motion is] speculative." State's Br. at 6. We disagree.

To be sure, a motion for an extension of time on its face might not conclusively show subjective certainty about the party's desire to appeal. "But this view loses sight of the fact that it is 'the notice afforded by a document, not the litigant's motivation in filing it, [that] determines the document's sufficiency as a notice of appeal.'" Isert v. Ford Motor Co., 461 F.3d 756, 762 (6th Cir. 2006) (quoting Smith, 502 U.S. at 249). Thus Clark's subjective intent - if it was indeed to only seek appellate review in the future - is irrelevant. The relevant inquiry is whether the "notice of appeal . . .

8

specifically indicate[s] the litigant's intent to seek appellate review." Smith, 502 U.S. at 248.

Here, as already noted, Clark's motion complied with Rule 3's notice requirements. Further, Clark, in support of his motion for extension of time states: "[I]n order to properly file for a Certificate of Appealability, [I] request[] an additional fifteen (15) days beyond the current due date." J.A. 621. The reason for his request? Clark had limited access to the prison law library, which "prevent[ed] him from conducting the necessary legal research to properly file." Id.

There would be little reason for Clark to request an extension of time to properly file a certificate of appealability if he did not intend to appeal. Under these circumstances, we believe that there could be no genuine doubt that the motion for extension of time indicates Clark's intent to appeal the district court's order overruling his objections to the magistrate judge's report and recommendation, and that motion sufficed to put the state on notice of that intent.[2] And, to require more explicit language from a pro se litigant would turn Smith's instruction that we liberally construe Rule 3's

---

[2] The state does not contend that it will suffer any prejudice if we construed Clark's motion as a notice of appeal.

9

requirements on its head.  Thus, we conclude that Clark's motion evinced a desire to appeal.[3]

Remarkably, the dissent contends that our holding today is "unprecedented," "stretch[ing] the functional equivalency test far beyond its defined bounds."  Dissenting Op. at 13, 17.  But the dissent's contention conveniently ignores precedent in other circuits.  In truth, our conclusion today – this "untenable fabrication," as the dissent would have it, id. at 21 - flows naturally from our own precedent, see e.g., Garcia, 65 F.3d at 19 ("[P]leadings under Rule 3 are liberally construed, especially pro se pleadings."), and is consistent with the holdings of other circuits, see, e.g., Rountree v. Balicki, 640 F.3d 530, 536 (3d Cir. 2011) ("By indicating [, in his motion for extension of time to file for a certificate of appealability, that] he would file for a certificate of

---

[3] Our jurisdictional inquiry has one more step, and that is Clark's failure to secure a certificate of appealability, as required by 28 U.S.C. § 2253(c).  The district court denied a certificate of appealability, and Clark presented no request for a certificate of appealability to this Court as permitted by Federal Rule of Appellate Procedure 22(b).  Having construed Clark's motion for an extension of time to request a certificate of appealability as a notice of appeal, however, we will also construe it as a request for a certificate of appealability. See Jones v. Braxton, 392 F.3d 683, 689 (4th Cir. 2004) ("Under Federal Rule of Appellate Procedure 22(b), we are required to construe the notice of appeal that Jones filed as an application for a certificate of appealability."); see also Fed. R. App. P. 22(b)(2) ("If no express request for a certificate [of appealability] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

appealability, his pro se motion evidenced an intention to appeal, which means it constituted a notice of appeal." (quotation marks and citation omitted)); Wells, 591 F.3d at 565 ("[T]he motion for extension of time to request a certificate of appealability is an attenuated example of a functional equivalent to a notice of appeal, and probably lies at the outer limit of what motions may suffice under Smith v. Barry. But, we are confident that the appellant's motion in this case served adequate notice under the Rule.").

Interestingly, the state cited Bailey v. Cain, 609 F.3d 763 (5th Cir. 2010), for the proposition that a motion for an extension of time to file a certificate of appealability does not qualify as a notice of appeal. Not only is the state's reliance on that case misplaced, but the holding in Bailey should assuage the state's concern that our decision today will, in effect, eliminate, undermine, or abolish the Federal Rules of Appellate Procedure. In Bailey, the Fifth Circuit assumed that a motion for an extension of time to file a certificate of appealability could provide adequate notice under Rule 3. Id. at 766. The court, however, concluded that Bailey's motion came up short; "[o]mitted from Bailey's motion that was present in Wells is a specific reference to the judgment or order from which appeal was taken." Id. Because Bailey's motion did not satisfy two of the three notice requirements of Rule 3, the

11

court held that Bailey's motion to extend was not a functional equivalent of a notice of appeal.  Id. at 767.  In other words, noncompliance with Rule 3 was "fatal," see Smith, 502 U.S. at 248, to Bailey's appeal.

The result in Bailey illustrates why the state's doomsday scenario – this Court automatically treating every motion for extension of time as a notice of appeal – will never occur.  In order for us to find that a motion for an extension of time is the functional equivalent of a notice of appeal, the litigant's motion must be timely under Rule 4 and must satisfy the notice requirements of Rule 3.  Clark's motion did just that.

IV.

For the foregoing reasons, we have jurisdiction to consider Clark's application for a certificate of appealability.

JURISDICTION AFFIRMED

12

NIEMEYER, Circuit Judge, dissenting:

On December 4, 2014, the district court entered final judgment denying Keith Clark's petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Clark filed his notice of appeal 63 days later, on February 5, 2015, which was therefore untimely. See 28 U.S.C. § 2107(a) (requiring that notice of appeal be filed within 30 days after the entry of judgment); Fed. R. App. P. 4(a)(1)(A) (same). Because the requirement for timely filing a notice of appeal is "mandatory and jurisdictional," Bowles v. Russell, 551 U.S. 205, 209-10 (2007), we are required to dismiss Clark's appeal.

In an unprecedented opinion, the majority holds that a motion that Clark filed on December 18, 2014, for an extension of time to request a certificate of appealability was the functional equivalent of a notice of appeal that satisfied the jurisdictional requirements of § 2107 and Federal Rules of Appellate Procedure 3 and 4. It reasons that (1) because Clark's motion for an extension of time related to a future request to file a certificate of appealability and (2) because a future request for a certificate of appealability would relate ultimately to a future notice of appeal, Clark's motion must be treated as a document giving sufficient notice of his appeal. The majority states that it "believe[s] that there could be no

13

genuine doubt that the motion for extension of time indicates Clark's intent to appeal." Ante at 8.

The majority's decision dramatically oversteps the bounds of liberally construing a document and, in sympathy for the pleading challenges facing pro se litigants, substantially and substantively rewrites it. Under no fair construction of Clark's motion for an extension of time could a party or a court conclude that the document "specifically indicate[s] [Clark's] intent to seek appellate review" with the purpose that it "provide[] sufficient notice to other parties and the courts." Smith v. Barry, 502 U.S. 244, 248 (1992). As the Smith Court explained, "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Id. (emphasis added). How can a simple request for an extension to file a certificate of appealability be fairly understood to give notice of appeal?

The majority's decision will cause much mischief, some unintended but some quite foreseeable and damaging to the appellate process. Hereafter, for example, a litigant who files a request for an extension of time to file an appeal will, in effect, have his motion automatically decided in his favor without having to show any excusable neglect or good cause, as required by 28 U.S.C. § 2107(c) and Federal Rule of Appellate

14

Procedure 4(a)(5)(A), because his motion will have to be taken as a notice of appeal.

Because I would dismiss Clark's appeal as untimely, I respectfully dissent.

I

Clark was convicted in the South Carolina courts of kidnapping and assault with intent to commit criminal sexual conduct. After having unsuccessfully sought direct and collateral review from the South Carolina courts, he filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 4, 2014, the district court denied Clark's petition, granting summary judgment to Larry Cartledge, the Warden at Perry Correctional Institution, where Clark was housed. It also denied Clark a certificate of appealability. On December 18, 2014, Clark filed a document that he called a "Motion for Extension of Time to request for a Certificate of Appealability." The document requested "an additional fifteen (15) days beyond the current due date" "in order to properly file for a Certificate of Appealability" with respect to the district court's December 4 order denying his habeas petition. He gave as his reasons the late receipt of the district court's December 4 order, restrictions on his access to the prison law

15

library, and institutional lockdowns to which he was subjected, and in support of his motion, he cited Federal Rule of Civil Procedure 6(b), which addresses "Extending Time." The district court denied Clark's motion by order dated December 23, 2014. Clark nonetheless filed a request for a certificate of appealability with the district court, which the court also denied.

The record shows that Clark himself clearly understood that his motion for a request for an extension of time to request a certificate of appealability was not to serve as a notice of appeal because he thereafter filed with the district court a document that he called a "Request for Certificate of Appealability" and later a document that he called a "Notice of Appeal." Clark's notice of appeal clearly manifested his intent, with that document, to appeal. As it states, "The petitioner Keith Alan Clark hereby appeal[s] his Federal Habeas Corpus action that was decided by the Honorable Bruce Howe Hendricks, U.S. District Judge." His notice of appeal, however, was filed with prison authorities on February 5, 2015, 63 days after the district court's order denying his petition for habeas corpus, and therefore was untimely.

Under these facts, the majority concludes that Clark's request for an extension of time to file a certificate of appealability was the "functional equivalent" of a notice of

16

appeal and therefore that his filing of the motion conferred jurisdiction on this court on December 18, 2014.

## II

It is uncontroverted that Clark filed his "notice of appeal" long after the 30-day time limit fixed by 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), a deadline that the Supreme Court has repeatedly described as "mandatory and jurisdictional." Bowles, 551 U.S. at 209-10; see also Ray Haluch Gravel Co. v. Cent. Pension Fund, 134 S. Ct. 773, 779 (2014). The majority nonetheless concludes that we have jurisdiction to consider Clark's appeal by construing Clark's earlier motion for an extension of time to request a certificate of appealability as the "functional equivalent" of a notice of appeal. The majority's holding stretches the functional equivalency test far beyond its defined bounds.

As the Supreme Court has defined the test, "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988). Thus, in this case, we would have to conclude, in applying the test, that Clark's motion for an extension of time was the

17

functional equivalent of what Federal Rule of Appellate Procedure 3 requires for a notice of appeal.

Federal Rule of Appellate Procedure 3 provides that an appeal "may be taken only by filing a notice of appeal" and requires that the notice of appeal "specify the party . . . taking the appeal," "designate the judgment [or] order . . . being appealed," and "name the court to which the appeal is taken," Fed. R. of App. P. 3(a)(1), (c)(1) (emphasis added). In substance, the Rule requires that "a notice of appeal must specifically indicate the litigant's intent to seek appellate review," with the purpose of "ensur[ing] that the filing provides sufficient notice to other parties and the courts." Smith, 502 U.S. at 248. These requirements of Rule 3 must be substantially satisfied by a document, and it is the "notice afforded by [the] document, not the litigant's motivation in filing it, [that] determines the document's sufficiency as a notice of appeal." Id. (emphasis added).

In this case, Clark's motion for an extension of time to request a certificate of appealability provides no manifestation that it was intended to serve as a notice of appeal. To the contrary, Clark indicated in the motion that "[he], in order to properly file for a Certificate of Appealability, [was] requesting an additional fifteen (15) days beyond the current due date." And the intent communicated by the document was made

18

yet clearer as it pointed to the fact that Clark needed more time to research the certificate of appealability. Moreover, the motion relied on Federal Rule of Civil Procedure 6(b), providing for extensions of time. This document simply cannot be read by any other party or a court as communicating notice of an appeal.

Furthermore, Clark's motion for an extension of time was not the product of confusion, nor was the motion ambiguous. His motion for an extension of time was just that, as he explained within the motion. The fact that he did indeed later file a request for a certificate of appealability and a notice of appeal demonstrates the unambiguous role of his motion for an extension of time. It is simply too creative to conclude that Clark's motion was the functional equivalent of a notice of appeal sufficient to give the parties and the court notice that, with the filing of the motion, he was intending to appeal.

To reach its conclusion, the majority had to effectively rewrite Clark's motion. In its rewrite, the majority substitutes Clark's intent to pursue appellate review in the future for his present intent to obtain a 15-day extension to file a future certificate of appealability. This is how the majority does it:

(1)   Although Clark captioned his motion, "MOTION FOR EXTENSION OF TIME," the majority takes the motion to be a "notice of appeal." Ante at 2.

(2)   When, in his motion, Clark identified himself as the party "bring[ing] a Motion for Extension of Time," the majority reconstructs this language to mean that "Clark identifies himself as the person who intends to appeal." Ante at 6 (emphasis added).

(3)   When, in his motion, Clark wrote that, among other reasons given for the motion, he needed the extension of time because he did not receive the district court's order denying habeas relief in a timely manner, pointing out that the order was dated December 4, 2014, but he "received service of the Order . . . on December 9, 2014[,] 5 days after it was served," the majority reconstructs the language to mean that "Clark identifies . . . the order he intends to appeal -- the district court's order denying his [petition for habeas corpus]." Ante at 6 (emphasis added).

(4)   While Clark addressed his motion to the district court, seeking 15 additional days within which to file his certificate of appealability in that court (where he ultimately filed his certificate of appealability), the majority reconstructs it to reveal "Clark's intent

20

to appeal to [the Fourth Circuit]" because "the term 'certificate of appealability' necessarily refers to an appeal to the relevant court of appeals." Ante at 6-7 (emphasis added) (internal quotation marks and citation omitted).

With these reconstructions of Clark's document, the majority concludes that the motion for an extension of time satisfies Federal Rule of Appellate Procedure 3, "suffic[ing] to put the state on notice" of Clark's intent to appeal, and that "there could be no genuine doubt" about that. Ante at 8.

The majority's conclusion is based on an untenable fabrication. Nowhere in Clark's motion for an extension of time does he attempt to convey notice that he is appealing. His entire text is focused on having more time to file a request for a certificate of appealability in the district court. The majority's evaluation of Clark's "circumstances," by which it speculates that "[t]here would be little reason for Clark to request an extension of time to properly file a certificate of appealability if he did not intend to appeal," ante at 8, completely disregards the Supreme Court's instructions that courts "should not . . . rel[y] on [petitioner's] reasons for filing" because "the notice afforded by [the] document, not the litigant's motivation in filing it," is what matters, Smith, 502 U.S. at 248 (emphasis added).

21

The effect of the majority's holding is dramatic. Not only does it gratuitously rewrite Clark's motion, but, in doing so, it effectively repeals the appellate rules and statutes governing extensions of time to file an appeal. For example, the decision strips district courts of their discretion to rule on a party's motion for an extension of time, see Fed. R. App. P. 4(a)(5)(A) ("The district court may extend the time to file a notice of appeal" (emphasis added)); see also 28 U.S.C. § 2107(c), and categorically relieves would-be appellants from the requirement to "show[] excusable neglect or good cause," see Fed. R. App. P. 4(a)(5)(A)(ii); see also 28 U.S.C. § 2107(c). Since every such motion for an extension of time will now be deemed automatically to be a notice of appeal, such factual showings will no longer be required.

The majority's holding also eliminates the requirements for giving notice that an appeal is being taken, thus confusing other parties who might wish to file a cross-appeal and who must comply with administrative requirements of the rules that are based on the date the notice of appeal was filed. For instance, a party intending to file a cross-appeal must do so within 14 days after the principal appeal is filed. See Fed. R. App. P. 4(a)(3). With the majority's holding, a party will not know whether another party's request for an extension of time to file

22

an appeal is actually an appeal and thereby might lose its right to appeal.

And as a corollary, the majority's holding destroys any clarity as to whether appellate courts have jurisdiction. Cf. Bowles, 551 U.S. at 208 (explaining that "[d]istrict courts have limited authority to grant an extension of the 30-day time period" governing notices of appeal and holding that the court of appeals lacked jurisdiction over an appeal because, even though the notice of appeal was filed within the time period specified by the district court, that time period exceeded the period permitted by 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4(a)(6)).

Finally, the majority's holding that courts must read motions for extensions of time as notices of appeal will interfere with principles of finality. It is easy to imagine a scenario in which a party files a timely request for an extension of time to note an appeal, which the district court denies, and the 30-day time period for taking an appeal lapses without the party having filed a notice of appeal. Even if the opposing party and the court initially have notice that the movant intended to file an appeal in the future, such notice dissipates when Rule 4(a)(1)(A)'s 30-day time limit lapses and the opposing party and the court rationally assume that the would-be appellant elected not to file the appeal. Under the

23

majority's decision, however, the party who filed the motion for an extension could eventually pursue the appeal long after the 30-day time period has ended, to the surprise of the opposing party and the court, by relying on his motion for an extension of time as his notice of appeal.  Similar confusion would result if the district court granted the appellant's motion for an extension of time.  Under the majority's new rule, if the appellant failed to file his appeal within the extended time, the resulting expectation of the opposing party and the court that the appellate court lacked jurisdiction and that the proceeding had ended would be in error, as the appellant could proceed at any point simply on the basis of his earlier request for an extension of time.

At bottom, there is no limiting principle in the majority's holding.  With it, a court could even construe a petitioner's § 2254 petition for habeas relief or his motion for reconsideration of an order denying habeas relief to reveal an intent to appeal and therefore to constitute a notice of appeal under Rule 3, based on the logic that a prisoner's "circumstances" often provide "little reason" not to appeal any adverse ruling.  Ante at 8.

Until now, we have never applied the functional equivalency test so liberally as to eliminate the substantive requirements of Federal Rule of Appellate Procedure 3.  While we have

24

permitted imperfections in the notice of appeal, we have done so only when the document provided <u>definite</u> notice of the party's <u>present</u> intent to appeal. See, e.g., <u>Jackson v. Lightsey</u>, 775 F.3d 170, 175-76 (4th Cir. 2014) (construing a document purporting to be a notice of appeal as such even though it lacked the words "Fourth Circuit"); <u>In re Spence</u>, 541 F.3d 538, 543 (4th Cir. 2008) (construing a document purporting to be a notice of appeal to pertain to the district court's final order even though it designated only the district court's order denying the motion for rehearing); <u>Dang v. C.I.R.</u>, 259 F.3d 204, 207-08 (4th Cir. 2001) (construing the appellant's notice of appeal to include issues not specifically designated).

To be sure, Federal Rule of Appellate Procedure 3(c)(4) tolerates "informality of form or title of the notice of appeal," but the Rule cannot be read to "waive" the substantive requirements of Rule 3(c), which function as a "jurisdictional threshold." <u>Torres</u>, 487 U.S. at 314-17. This jurisdictional threshold requires that a notice of appeal be sufficient to "ensure that the filing provides sufficient notice to other parties and the courts," <u>Smith</u>, 502 U.S. at 248, that the appellant is "<u>taking</u> the appeal," Fed. R. App. P. 3(c)(1)(A) (emphasis added). Because Clark's motion for an extension of time to request a certificate of appealability does not provide that notice, we must dismiss this appeal for lack of

25

jurisdiction because <u>the only notice of appeal that Clark filed was untimely</u>.