PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1189
_____

MARSHALL ROUNTREE, a/k/a MARK HAWKINS,
Appellant

v.

KAREN BALICKI, Administrator of South Woods State
Prison; ATTORNEY GENERAL OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 0312-1 : 1-07-cv-05763)
District Judge: Honorable Renee M. Bumb
_____

Argued February 14, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit
Judges.

(Filed: May 13, 2011)

Joshua C. Gillette, Esq. [ARGUED]
Gibbons P.C.

One Gateway Center
Newark, New Jersey 07102

Attorney for Appellant

Linda A. Shashoua, Esq. [ARGUED]
Warren W. Faulk, Esq.
Camden County Prosecutor's Office
25 North 5th Street
Camden, New Jersey 08102

Attorney for Appellees

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

This appeal by Marshall Rountree, from a judgment of the United States District Court for the District of New Jersey denying his 28 U.S.C. § 2254 habeas corpus petition, requires us to decide if the New Jersey Superior Court, Appellate Division, was unreasonable in concluding that alleged violations of Rountree's Sixth Amendment right to counsel did not undermine the reliability of the sentence he received for an armed robbery he committed in Camden County, New Jersey. Applying provisions of the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), we conclude that the New Jersey appellate court's decision in this case was not contrary to and did not unreasonably apply federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). We will therefore affirm the District Court.

## I.

### A.

Within the span of two weeks in July of 1993 Marshall Rountree, who also uses the name Mark Hawkins, perpetrated two unrelated firearm incidents in New Jersey: an armed robbery in Camden County, and a shooting in Essex County. The Essex County shooting occurred on a street, after Rountree and two companions encountered the boyfriend of one of the men's sisters. The men exchanged words, then blows. At some point, Rountree drew a revolver and shot the boyfriend, rendering him paraplegic. The Camden County robbery occurred two weeks later when Rountree covered his face with a white towel, approached a woman from behind a

3

dumpster in her apartment building's parking lot and said, "I have a gun. Give me your purse or I'll shoot you." She surrendered the purse, and called the police after he fled the scene. Minutes later, Rountree, carrying a white towel, was spotted near a shopping mall. Officers arrested him and recovered various items that had been inside the woman's purse, but did not recover a pistol. Rountree waived his Miranda rights and provided a taped confession in which he claimed he robbed the woman with a toy pistol and then discarded it into a nearby wooded area. Later, during plea bargaining, he swore under oath that the pistol was real.

Both crimes were subject to New Jersey's "Graves Act," which sets forth mandatory penalties if a person "used or was in possession of a firearm" during or in flight from a violent offense. See N.J. Stat. Ann. §§ 2C:43-6(c), (d), (g), (h), 2C:44-3(d). Of particular importance to this appeal is a Graves Act repeat-offender provision, which substantially enhances sentences if a person who possesses or uses a firearm during a crime "has been previously convicted of an

offense involving the use or possession of a firearm." § 2C:43-6(c).

In 1993, a grand jury in Camden County indicted Rountree for first-degree armed robbery and third-degree hindering justice. The same year, he was also indicted in Essex County for conspiracy to commit murder, first-degree attempted murder, second-degree aggravated assault, third-degree unlawful possession of a weapon, and second-degree possession of a weapon for an unlawful purpose. Plea negotiations occurred separately in each county. Soon after they began, Rountree's Camden County attorney obtained judicial and prosecutorial permission to consolidate the Camden County and Essex County negotiations into one plea bargaining session, pursuant to Rule 3:25A-1 of the New Jersey Rules of Court, which provides in pertinent part:

> [W]hen a defendant has charges pending in more than one county at any stage prior to sentencing, either the defendant, or the prosecutor in any such county with the consent of the defendant, may move before the presiding judge of the criminal part in the

5

> county in which consolidation is sought, or before any judge designated to hear such motion, for consolidation for purposes of entering a plea or for sentencing.

Although there was every indication that a Rule 3:25A-1 motion would have been granted, Rountree's Camden County attorney failed to file one and, as a result, the negotiations continued separately.

As early as March of 1994, prosecutors offered Rountree a choice regarding his Camden County charges: he could plead guilty to non-Graves Act offenses in return for a 12-year sentence, or he could plead guilty to a Graves Act offense in return for a 9-year sentence. If accepted, either offer would have resolved Rountree's Camden County charges, but not his Essex County Charges. Rountree's attorney wrote him a letter explaining the enhancement effect that a Graves Act conviction would have on any sentence that might be imposed for the shooting in Essex County, and recommended the 12-year non-Graves Act offer. Nonetheless, Rountree chose the 9-year offer. Under the plea agreement,

Rountree's sentence was to run concurrently with any sentence imposed for the still-unresolved charges related to the shooting he had committed in Essex County.

In the fall of 1994, after entering his plea in Camden County but before the court accepted the plea and sentenced him, Rountree was transferred to Essex County to address the shooting-related charges there. Prosecutors and Rountree were unable to reach a plea agreement, and the case went to trial. In October of 1994, a jury convicted Rountree of first-degree attempted murder, second-degree aggravated assault, and two separate firearm crimes. He received a 20-year Graves Act sentence. Soon after he was sentenced, however, and under threat of appeal, prosecutors agreed that faulty jury instructions required a new trial. Before retrial, and after much negotiation, Rountree pleaded guilty to aggravated assault and possession of a weapon for an unlawful purpose—both of which are Graves Act offenses. The Essex County Court accepted Rountree's plea and sentenced him to two concurrent 10-year prison terms, during the first half of which

he would be ineligible for parole. At this time Rountree stood convicted of his first Graves Act offense.

Rountree then returned to Camden County in July of 1995 to complete sentencing on his plea to the robbery-related offenses still pending there. Somewhat unexpectedly, the Camden County Court rejected the plea agreement. It explained that the 9-year sentence Rountree had accepted before his transfer to Essex County was either too lenient for the crimes he had committed or, alternatively, was illegal. The court reasoned thusly: even if Rountree had used a toy pistol (as he initially claimed) the 9-year sentence the government had offered was too lenient under New Jersey law; alternatively, if the pistol was real, then the sentence was illegal under the Graves Act (which requires extended prison time for repeat firearm offenders) given Rountree's recent Graves Act conviction in Essex County. Rountree responded by withdrawing his guilty plea.

The Camden County case was set for trial in April of 1996, and plea negotiations continued. On the day of trial, the

Camden County prosecutor offered Rountree a 20-year sentence with a 7-year term of parole ineligibility, to run concurrently with the 10-year sentence he had received in Essex County (hereinafter, the "April 1996 offer"). Rountree rejected it. He explained to the court that he was not interested in the prosecutor's offer because he believed that the time he had already served in Essex County was "dead time"—i.e., that it would not count toward either of his sentences. The trial court explained that regardless of whether he accepted the plea, his time served would indeed count toward his Essex County sentence, but would not count toward his Camden County sentence. Rountree reiterated his rejection of the plea, the trial proceeded, and a jury convicted him of first-degree armed robbery (a Graves Act crime) and of hindering justice.

The Camden County sentencing judge determined that, given Rountree's prior Essex County Graves Act conviction, Rountree was a person who had "been previously convicted" of a Graves Act crime. See N.J. Stat. Ann. § 2C:43-6(c). The

9

court then applied the Graves Act's repeat-offender provision and imposed a 50-year sentence, with parole eligibility after 16 years and 8 months, to run consecutively with his 10-year Essex County sentence.

**B.**

Rountree challenged his conviction and his sentence on direct appeal, and the New Jersey Superior Court, Appellate Division, affirmed. State v. Hawkins, 719 A.2d 689 (N.J. Super. Ct. App. Div. 1998). The Supreme Court of New Jersey denied Rountree's petition for certiorari. State v. Hawkins, 744 A.2d 1211 (N.J. 1999).

Rountree then sought post-conviction relief on several grounds, including that his Camden County attorney's failure to consolidate his Camden County and Essex County plea bargaining into one, lump-sum negotiation violated his Sixth Amendment right to counsel. See State v. Rountree, 906 A.2d 1124 (N.J. Super. Ct. App. Div. 2006). The state court agreed that the Camden County attorney's failure to file a motion to consolidate fell below what is expected of "counsel" within

10

the meaning of the Sixth Amendment, but held that the failure to consolidate was not prejudicial to Rountree's case because the record indicated that he would not have accepted any offer likely to emerge from a consolidated negotiation. Id. at 1138. The Supreme Court of New Jersey denied review. State v. Rountree, 926 A.2d 852 (N.J. 2007). This exhausted Rountree's state court remedies.

Rountree then filed in the District Court an 18 U.S.C. § 2254 habeas corpus petition. See Rountree v. Balicki, No. 07-5763, 2008 WL 4950008 (D.N.J. Nov. 18, 2008). His petition challenged the state court's post-conviction ruling as to his Camden County (but not his Essex County) sentence, alleging that deficient performance by his Camden County counsel undermined the reliability of his Camden County sentence. On November 18, 2008, the District Court applied the Antiterrorism and Effective Death Penalty Act ("AEDPA") and denied Rountree's petition on the merits. Id. at *1.

Less than 30 days later, on December 15, 2008, Rountree filed in the District Court a pro se motion for extension of time to file for a certificate of appealability. On February 24, 2009, he filed a motion for a certificate of appealability with this Court. One year later, on February 24, 2010, we certified the appealability of three issues: (1) whether his untimely notice of appeal deprived this Court of jurisdiction; (2) whether his trial counsel was ineffective, and, if so; (3) whether his trial counsel's conduct was prejudicial to his case.

Five months later, on July 29, 2010, Rountree filed a motion to expand his certificate of appealability to include certification of: (1) whether the state court acted contrary to, or unreasonably applied, clearly established federal law when it held that the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), did not retroactively invalidate Rountree's Camden County sentence; (2) any relevant sentencing implications from his not having been

indicted for possession of a firearm in Camden County; (3) whether the Camden County trial judge made improper responses to jury questions; and (4) whether "other crimes evidence and unindicted juvenile acts" were improperly admitted during his Camden County trial. We granted the motion.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254 because Rountree's habeas petition alleged that he was incarcerated in violation of the United States Constitution, see Rountree v. Balicki, No. 07-5763, 2008 WL 4950008, at *2 (D.N.J. Nov. 18, 2008), and because Rountree exhausted his state court avenues for relief, see State v. Rountree, 926 A.2d 852 (N.J. 2007). We have jurisdiction under 28 U.S.C. § 2253(a) because Rountree met the requirements for a timely pro se notice of appeal, and because he obtained a certificate of appealability. See id. § 2253(c)(1).

The government contends that Rountree's notice of appeal was untimely, thus depriving us of jurisdiction over

13

his appeal from the District Court. We disagree. This case falls within Rule 4(a), Federal Rules of Appellate Procedure, because this is a civil case to which the United States is not a party. Rule 4(a)(1)(A) provides that a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Our Local Appellate Rules relax certain formalities for pro se habeas petitioners, including Rountree:

> The court will deem a document filed by a pro se litigant after the decision of the district court in a civil, criminal, or habeas corpus case to be a notice of appeal despite informality in its form or title, if it evidences an intention to appeal.

3d Cir. L.A.R. 3.4 (2010) ("Notice of Appeal in Pro Se Cases"). "This rule is designed to emphasize that the jurisdictional requirement of a notice of appeal is met in a pro se case by the filing of an informal document." L.A.R. 3.4 (Committee Comments).

In this case, the District Court entered its denial of habeas corpus relief on November 18, 2008. Rountree, 2008

14

WL 4950008, at *2. Twenty-seven days later, on December 15, 2008, Rountree filed a pro se motion for extension of time to file for a certificate of appealability. See Rountree v. Balicki, No. 07-5763, 2009 WL 223421, at *1 (D.N.J. Jan. 27, 2009) ("Petitioner's motion for an extension of time is dated December 12, 2008 and was docketed by the Clerk on December 15, 2008."). By indicating he would file for a certificate of appealability, his pro se motion "evidence[d] an intention to appeal," which means it constituted a notice of appeal pursuant to Local Appellate Rule 3.4. Because Rountree filed that motion within the 30-day timeline proscribed by Rule 4(a)(1)(A), his notice of appeal was timely. And, because he obtained a certificate of appealability, we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

## III.

The state court denied Rountree's Strickland v. Washington claim on the merits, which means our review of his 28 U.S.C. § 2254 petition is subject to AEDPA. See 28

15

U.S.C. §§ 2254(a), 2254(d). Under AEDPA, our task is to determine only whether the state court's adjudication of Rountree's Strickland claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). Consistent with Supreme Court precedent, we read § 2254(d) to require three distinct legal inquiries. See, e.g., Harrington v. Richter, --- U.S. ---, 131 S. Ct. 770, 785 (2011). The first is whether the state court decision was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). The second is whether the state court decision "involved an unreasonable application of" such law. § 2254(d)(1). And the third is whether the state court decision "was based on an

16

unreasonable determination of the facts in light of the evidence presented" to the state court. § 2254(d)(2).

The test for § 2254(d)(1)'s "unreasonable application of" clause is as follows: "[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Wiggins v. Smith, 539 U.S. 519, 520 (2003)). For purposes of § 2254(d)(1), "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 75-76 (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)).

Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. Andrade, 538 U.S. at 75.

The test for § 2254(d)(1)'s "contrary to" clause is whether the state court decision "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405, and Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)). Of course, a state court's resolution of a question that the Supreme Court has not resolved can be neither contrary to, nor an unreasonable application of, the Court's precedent. See Kane v. Garcia Espitia, 546 U.S. 9 (2005).

The test for § 2254(d)(2)'s "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence," § 2254(e)(1), that the state court's determination of the facts

18

was unreasonable in light of the record. <u>See</u> <u>Rice v. Collins</u>, 546 U.S. 333, 338-339 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005))); <u>see also</u> <u>Simmons v. Beard</u>, 590 F.3d 223, 231 (3d Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. <u>Cullen v. Pinholster</u>, --- U.S. ---, 2011 WL 1225705, at *11 (Apr. 4, 2011).

We will grant relief only if Rountree shows that the New Jersey state court's decision satisfied one of the three tests set forth above.

**IV.**

Rountree petitioned the New Jersey courts for post-conviction relief on the basis of an alleged violation of Strickland v. Washington, 466 U.S. 668 (1984), during the proceedings that led to his Camden County sentence. A Strickland violation occurs when (1) defense counsel's conduct falls below an objective standard of reasonableness, and (2) there is a reasonable probability (which is more than a mere possibility) that but for the counsel's failure, the proceeding would have come out differently. Id. at 687. The New Jersey court rejected that claim, determining that although Rountree's counsel's performance fell below an objective standard of reasonableness, that failing did not cause prejudice to Rountree. See State v. Rountree, 906 A.2d 1124, 1138 (N.J. Super. Ct. App. Div. 2006).

In this habeas petition, Rountree contends that the New Jersey court's rejection of his Strickland claim was unreasonable. We recognize that AEDPA "precludes federal habeas relief so long as 'fairminded jurists could disagree' on

20

the correctness of the state court's decision." <u>Richter</u>, 131 S. Ct. at 786 (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)). Accordingly, we will not surmise whether the state court reached the best or even the correct result in Rountree's case; rather the question we must answer is "whether the state court's application of the <u>Strickland</u> standard was unreasonable"—a standard that is at once objective and deferential. <u>Id.</u> at 785.

Applying AEDPA, we conclude that the New Jersey court's decision in this case survives review under § 2254. Although certain portions of the record can be argued to support Rountree's petition, it is precisely because "fairminded jurists could disagree" with each other that we must affirm the state court's holding. <u>Alvarado</u>, 541 U.S. at 664. We will therefore affirm the District Court.

**A.**

We begin with the New Jersey state court's interpretation and application of <u>Strickland v. Washington</u>'s "ineffectiveness" prong. <u>See</u> 466 U.S. at 687-688. Under

21

Strickland, Rountree's first burden in the state court was to demonstrate that his trial counsel's conduct "fell below an objective standard of reasonableness." Id. at 688. The test, which is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," is applied to "the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.

To evaluate properly the decisions the state court made when faced with Rountree's Strickland claim, we must first examine the contentions Rountree made there. Rountree contended in the state court that his Camden County trial counsel failed to render professionally competent assistance, because the counsel did not file a motion under Rule 3:25A-1 of the New Jersey Rules of Court to consolidate into one negotiation the plea bargaining over all charges pending in both Camden and Essex Counties. He pointed out that his counsel and the Camden County judge had on-the-record discussions about the possibility of such consolidation, and

that the transcript of his (later-withdrawn) guilty plea from Camden County gave every indication that the judge would have agreed to consolidate, if a motion had been filed. Noting that consolidation generally redounds to the benefit of criminal defendants, Rountree contended that his counsel's failure to file the motion—notwithstanding the strong indication that it would have been granted—amounted to conduct that "fell below an objective standard of reasonableness." 466 U.S. at 688.

The state court agreed with Rountree. Rountree, 906 A.2d at 1137. It applied the New Jersey Supreme Court's decision in State v. Pillot, 560 A.2d 634, 643 (N.J. 1989) (construing Rule 3:25A-1 to "enable a defendant to request consolidation of charges pending in multiple counties for purposes of offering pleas and for sentencing"), and concluded that consolidation was legally permissible in Rountree's case. Because consolidation was legally permissible, and given the record's strong indication that it would have occurred had a motion been filed, the state court

23

held that Rountree's counsel had a professional obligation to file a Rule 3:25A-1 motion.

The District Court, which was bound to accept the state court's conclusions of state law in applying New Jersey's Rule 3:25A-1, affirmed the state court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)). After accepting that consolidation was possible in Rountree's case, the District Court concluded that the state court did not apply Strickland in an unreasonable fashion when it held that any competent New Jersey attorney would have filed a Rule 3:25A-1 motion in these circumstances.

We will affirm the District Court for substantially the same reasons: we too are bound to accept the state court's announcement that the Pillot decision obliges New Jersey

24

defense attorneys to move to consolidate plea negotiations when the facts indicate the motion will be granted, see Richey, 546 U.S. at 76, and we agree that the state court's interpretation of the facts in this case (i.e., its conclusion that a Rule 3:25A-1 motion to consolidate would have been granted) was not objectively unreasonable. We also agree that, in holding that Rountree's counsel's conduct fell short of what an objectively reasonable New Jersey attorney would do, the New Jersey court correctly applied federal law as stated by the Supreme Court of the United States. We will therefore affirm the state court's conclusion that Rountree carried his first burden under Strickland v. Washington.

## B.

We turn now to the "prejudice" prong of Rountree's Strickland claim. Rountree's second Strickland burden in the state court was to show that his counsel's unprofessional conduct prejudiced his case. 466 U.S. at 688. But his burden before us is greater: under AEDPA, the question is "'not whether a federal court believes the state court's

determination' under the Strickland standard 'was incorrect, but whether that determination was unreasonable—a substantially higher threshold.'" Knowles v. Mirzayance, --- U.S. ---, 129 S. Ct. 1411, 1420 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). Our task is to determine only whether the state court adjudication of Rountree's claim warrants relief under § 2254(d)(1) or § 2254(d)(2). To prevail under those subsections, he must persuade us that the New Jersey court's holding suffered from one of the following failings: (1) it "was contrary to" or "involved an unreasonable application of" federal law then clearly established in the holdings of the Supreme Court of the United States; or (2) it "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S. Ct. at 785 (quoting § 2254(d) and Williams, 529 U.S. at 412). For the reasons that follow, we conclude that the state court's determination of the prejudice prong of Rountree's Strickland claim was not unreasonable

within the meaning of § 2254(d), and therefore we will affirm.

**1.**

Intelligent evaluation of the state court's application of federal law to Rountree's case requires at least some evaluation of the facts to which the state court applied that law. We therefore pause to set forth the legal rules that applied in, and the arguments Rountree made before, the New Jersey state court.

Rountree's <u>Strickland</u> burden in the state court required him to demonstrate that the unprofessional errors of his counsel caused him prejudice. 466 U.S. at 688. This is because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Id.</u> at 691 (citing <u>United States v. Morrison</u>, 449 U.S. 361, 364-365 (1981)). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Id.</u> at 693. Rather, to meet this

27

standard, a "defendant must show that there is a <u>reasonable</u> <u>probability</u> that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694 (emphasis added).

To meet this standard in the New Jersey court, Rountree contended that his Camden County counsel's failure to file a Rule 3:25A-1 consolidation motion increased his sentence. <u>Cf.</u> <u>Glover v. United States</u>, 531 U.S. 198, 202-203 (2001). In his view, the failure to consolidate the Camden County and Essex County charges into one proceeding caused him to be convicted of Graves Act crimes on two separate occasions, rather than all at once as might have happened after a single, lump-sum plea. That is, he argued that because he was first convicted of a Graves Act offense in Essex County, he arrived at sentencing in Camden County as a "previously convicted" Graves Act offender. Because the Graves Act imposes heightened penalties for persons previously convicted of Graves Act offenses, <u>see</u> N.J. Stat. Ann. § 2C:43-6(c), Rountree's position in the New Jersey

28

court was that the sentencing enhancement applied to him was caused by his counsel's ineffective failure to consolidate. Essential to Rountree's position was the implied premise that, if offered a single lump-sum plea at a consolidated negotiation, he would have accepted it.

The state court rejected Rountree's arguments after concluding that Rountree would not have accepted a consolidated plea even had he been offered one. Rountree, 906 A.2d at 1138. The state court based this conclusion on the following facts: Rountree went to trial in Camden County after his Graves Act conviction for attempted murder in Essex County, for which he received a 10-year sentence. Ten years is at the low end of the possible punishment under New Jersey law for the crimes he faced (i.e., conspiracy to commit murder, first-degree attempted murder, second-degree aggravated assault, third-degree unlawful possession of a weapon, and second-degree possession of a weapon for an unlawful purpose). In April of 1996, shortly before Rountree's Camden County trial, the Camden County

prosecutor offered Rountree 20 years, during the first 7 of which he would be ineligible for parole. The entire Camden County sentence would run concurrently with his 10-year Essex County sentence. (The prosecutor further stated that if Rountree's Essex County conviction were overturned on appeal, he would agree to reduce Rountree's Camden County sentence to nine years, with three years of parole ineligibility. This represented the bare minimum sentence that the Graves Act would allow.) This April 1996 offer would have settled all of Rountree's charges, in both counties, for conspiracy to commit murder, first-degree attempted murder, first-degree armed robbery, aggravated assault, unlawful possession of a firearm, possession of a firearm for an unlawful purpose, and hindering justice, with a 20-year sentence—and substantially less, if Rountree were paroled. In the state court's view, this offer was "as good as he reasonably could have expected if the cases had been consolidated for plea negotiation or sentencing." 906 A.2d at 1138. Nonetheless, and against the advice of his counsel, Rountree rejected it.

Because Rountree rejected an offer that was as good as what he could have hoped to have received after consolidation, the state court saw no reason to conclude that the failure to consolidate caused him any harm. Id. ("There is no reason to conclude that he would have accepted the same offer if it had been made after an order of consolidation."). On this basis, the state court concluded that his counsel's ineffective failure to move for consolidation had no "effect on the outcome of the proceeding"—i.e., the sentence Rountree received after the Camden County jury found him guilty. Id.

**2.**

We turn first to Rountree's claim under § 2254(d)(2). When reviewing a state court decision for "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2), we are "bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence." Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009); see also § 2254(e)(1) ("In a

proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Applying those rules, we will defer to two critical facts found by the state court, because we conclude that Rountree has not rebutted them by "clear and convincing evidence." § 2254(e)(1); Simmons, 590 F.3d at 231. The first is the state court's finding of what might have been offered during a consolidated plea negotiation. We will defer to the state court's conclusion that the April 1996 plea offer Rountree received in Camden County (for a 20-year sentence with 7 years of parole ineligibility, to run concurrently with his Essex County sentence) was "as good as he reasonably could have expected if the cases had been consolidated for plea negotiations or sentencing." Rountree, 906 A.2d at 1138. We accept this conclusion because Rountree has not offered

32

"clear and convincing evidence," § 2254(e)(1), that there was a "reasonable probability," Strickland, 466 U.S. at 695, that he could have settled his charges for conspiracy to commit murder, first-degree attempted murder, first-degree armed robbery, aggravated assault, two distinct firearm offenses, and hindering justice, for less than the terms of the April 1996 offer. We will therefore accept the New Jersey court's conclusion that the offer Rountree rejected in April 1996 was as good as he could have expected to receive at a consolidated plea negotiation.

The second finding of fact to which we will defer is the state court's finding of how Rountree would have reacted to a consolidated offer. We will defer to its conclusion that, had consolidation occurred, Rountree would not have accepted any offer likely to emerge from it. 906 A.2d at 1138. The state court based this finding on its conclusion that any offer from a consolidated plea would not have been better than the one he rejected in April 1996. See id. ("There is no reason to conclude that he would have accepted the same

33

offer if it had been made after an order of consolidation."). To persuade us to reverse, Rountree must offer "clear and convincing evidence," § 2254(e)(1), that there was a "reasonable probability," Strickland, 466 U.S. at 695, that if consolidation had occurred, he would have accepted an offer extending from that agreement. To make this showing, Rountree calls our attention to the transcript leading to his rejection of the April 1996 offer:

> **[Rountree]**: I would just like to add that I was trying to respond to him that it's a thing—it's not just that I don't want to take the deal and such, but they tell me that the last six, the last— since December of 1994 till now . . . all that time is not counting [toward my sentence]. The time I've been in prison is basically dead time. This has a lot to do with me—do you understand what I'm saying?

> **The Court**: It's not dead time. It counts toward the sentence you are serving [in Essex County], sir. It just doesn't count on the sentence you might get in this case if you're convicted. Now, the other thing is that's the offer. It's been made to you. It is [your attorney's] representation that you have no interest in accepting the offer. Correct?

34

. . . .

**[Rountree]**: . . . correct, your honor.

App. 35. Rountree contends that (1) "the only logical reading of the transcript" is that, in saying "they tell me," Rountree was referring to his counsel, and that (2) but for his counsel's advice he would indeed have accepted the April 1996 offer. The state court rejected both of these interpretations. It concluded that Rountree's contention that he turned down the April 1996 offer because he believed that he was not going to receive credit for the time he had been serving on his Essex County sentence was a "bald assertion," 906 A.2d at 1133, not sufficient to satisfy the "reasonable probability" standard Strickland imposes. See 466 U.S. at 694.

Under AEDPA, the question we must answer is whether Rountree has presented clear and convincing evidence that the state court's conclusion was wrong. Simmons v. Beard, 581 F.3d 158 165 (3d. Cir. 2009). At bottom, the question of how to read this transcript (i.e.,

35

whether or not it indicates that Rountree would have accepted the offer but for his counsel's advice) is a question of fact that can be argued either way. That the transcript can be read in more than one way does not—by itself—rise to the level of "clear and convincing evidence," § 2254(e)(1), that the state court must be deemed unreasonable in choosing one reading over another. § 2254(d)(2). In this case, Rountree has offered only his assertion, backed by inferences, that when he said "they tell me" he referred to his counsel. He has not explained why we should ignore the Camden County judge's correction of his misstatement ("It's not dead time"), or how his self-serving assertion—standing alone—trumps the New Jersey court's factual finding to the contrary. Simply put, the record in this case does not contain the "clear and convincing" evidence, § 2254(e)(1), required to meet § 2254(d)(2)'s high standard.

In sum, we conclude that Rountree has not demonstrated that the New Jersey court's conclusions were based on an unreasonable determination of the facts in light

of the evidence, because he has not rebutted "by clear and convincing evidence," § 2254(e)(1), the state court's conclusions that (1) the April 1996 offer he rejected was as good as he would have received at a consolidated negotiation, and (2) he would have rejected the same offer had it occurred after an order of consolidation. In light of these facts, which we accept, it was not unreasonable for the state court to conclude that consolidation would not have made any difference in Rountree's case. We will therefore affirm the District Court's denial of relief under § 2254(d)(2).

**3.**

We turn next to Rountree's claim under § 2254(d)(1), and examine whether the state court's decision was either "contrary to" or "involved an unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States. In making that evaluation, our "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the

37

merits." Cullen v. Pinholster, --- U.S. ---, 2011 WL 1225705, at *8 (Apr. 4, 2011).

The state court's decision was not "contrary to" clearly established federal law. § 2254(d)(1). The state court correctly articulated the federal standard for ineffective assistance of counsel as set forth by the Supreme Court of the United States in Strickland. See Rountree, 906 A.2d at 1133-1134 (articulating the Strickland standard). And, it correctly applied that standard when it inquired into whether Rountree had satisfied "both prongs," and then weighed Rountree's arguments against the "reasonable probability" test that Strickland imposes. Id. at 1138 (applying Strickland's prejudice prong).

Nor did it "involve[] an unreasonable application of" federal law. § 2254(d)(1). As we have already discussed, Rountree has not "rebut[ted] the presumption of correctness" of the New Jersey court's fact-finding "by clear and convincing evidence." § 2254(e)(1). Under AEDPA, we will accept the state court's conclusion that Rountree would have

rejected any likely consolidated plea offer. That means his counsel's failure to move to consolidate his plea bargaining did not affect the outcome of his Camden County plea negotiations. These facts were, under clearly established Supreme Court case law, a reasonable and sufficient basis upon which to deny his claim. Strickland, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").

Because the New Jersey court applied Strickland reasonably, it follows necessarily that it did not reach "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). We will therefore affirm the District Court's denial of relief.

In sum, we conclude that Rountree's petition does not warrant relief under AEDPA. In light of the facts before the state court—particularly Rountree's rejection of a plea offer that was as good as anything that might have come after a

motion to consolidate—it was not unreasonable for the state court to conclude that Rountree's attorney's failure to file a Rule 3:25A-1 motion had no effect on the sentence he received for his Camden County crimes. Although "fairminded jurists could disagree" with the way the state court weighed the evidence in this case, Alvarado, 541 U.S. at 664, it was not objectively unreasonable of the state court to conclude that, had consolidation occurred, Rountree would have rejected any offer it produced, gone to trial, been convicted separately for the separate Graves Act crimes he did commit, and been sentenced as the repeat-offender that— at the end of the day—he actually was.

We will therefore affirm the District Court.

## V.

On July, 29, 2010, Rountree filed a motion to expand the certificate of appealability to include four additional issues. We granted the motion, but upon review we conclude that the issues raised in the expanded certificate of appealability lack merit. First, Rountree complains that his

40

sentence was enhanced based on a judge-made finding that his Camden robbery involved a real gun, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). We have held that Apprendi does not apply retroactively to convictions that, like Rountree's, were made final before Apprendi was announced. See United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003). Accordingly, this claim lacks merit.

Second, Rountree claims that because he was never indicted for possession of a firearm, he cannot be sentenced to an extended Graves Act sentence. This claim fails because it was not exhausted in state court. Further, the Graves Act's applicability is not limited to those who are indicted and convicted for illegally possessing a firearm. It applies equally to those who use weapons in the course of another crime. See N.J. Stat. Ann. § 43-6(c).

Third, Rountree contends that the Camden trial judge's responses to jury questions were improper. However, as the District Court held, the state appellate court reasonably

concluded that the judge's answers did not have a prejudicial effect on the jury.

Finally, Rountree claims that his Camden trial counsel was ineffective for failing to move to exclude other crimes evidence. The record demonstrates that trial counsel objected to the evidence and moved for a mistrial, but the Judge denied the motion and directed the jury to disregard the other crimes evidence. We agree with the state appellate court that the judge's limiting instruction forestalled any unjust result. Accordingly, we will summarily affirm the state court on each of the issues raised in Rountree's motion for an expanded certificate of appealability.

\* \* \* \* \*

The judgment of the District Court will be affirmed.