NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2658
_____

JEROME BROOKS,
                    Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
ATTORNEY GENERAL OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-13-cv-02545)
District Judge: Hon. Stanley R. Chesler
_____

Argued January 8, 2018

Before:  JORDAN, ROTH, Circuit Judges and STEARNS[*], District Judge

(Filed: January 31, 2018)
_____

OPINION[**]
_____

---

[*] Honorable Richard G. Stearns, United States District Court Judge for the District of Massachusetts, sitting by designation.

[**] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Craig S. Leeds, Esq. (Argued)
Suite 2
1205 Anderson Avenue
Fort Lee NJ 07024

*Counsel for Appellant*

Annmarie Cozzi, Esq.
Catherine A. Foddai, Esq.
Elizabeth R. Rebein, Esq. (Argued)
Bergen County Office of Prosecutor
Room 202
2 Bergen County Plaza
Hackensack NJ 07601

*Counsel for Appellees*

STEARNS, District Judge

In this habeas petition, Jerome Brooks argues that testimony elicited from a police detective at his trial violated his rights under the Confrontation Clause of both the Sixth Amendment and the New Jersey State Constitution, art. I, cl. 10, and that by failing to raise the issue, his attorney in the state appellate proceedings provided ineffective assistance.[1] The testimony concerned a statement given to police by one Ronald Wimbush, a non-testifying (and since deceased) co-conspirator, who, in a 1996 interview, told police that Brooks was an accomplice in an unsolved 1983 homicide.

Although the contents of the statement were not admitted in evidence at Brooks's trial, we agree with Brooks that the testimony, when combined with the prosecutor's repeated references to Wimbush's statement in his closing argument, likely violated

---

[1] We will refer generically to the Confrontation Clause, as the New Jersey Supreme Court recognizes the state constitutional provision to be an analog of the Federal Constitution. *See State of New Jersey v. Wilson*, 227 N.J. 534, 544-45 (2017).

Brooks's rights under the Confrontation Clause because it implied to the jury that Wimbush had implicated him in the murder. We also agree that Brooks's appellate counsel was ineffective for failing to raise that issue in the state proceedings and that the state court's conclusion to the contrary amounted to an unreasonable application of federal law.

That said, in light of the overwhelming evidence of Brooks's guilt – including his trial testimony attempting to walk back an earlier taped confession – we agree with the District Court that any Confrontation Clause violation was harmless, and moreover, that any deficiency on the part of Brooks's appellate counsel did not rise to the level of prejudicial error as required under *Strickland v. Washington*, 466 U.S. 668 (1984). We therefore affirm the District Court's denial of habeas relief.

## I. Background

Brooks was convicted of murder for his role in the robbery and slaying of Roberto Arenas, a New Jersey drug dealer. The case remained cold for thirteen years when police fortuitously arrested Wimbush on unrelated charges and secured an interview. In that statement, Wimbush told them that Brooks and a co-conspirator, Albert Bolt, had committed the murder. With Wimbush's statement in hand, police interviewed Brooks, who was then being held in a county jail on drug charges. After administering *Miranda* warnings, the officers obtained a full confession, in which Brooks admitted to shooting Arenas four times. Brooks was then charged with first degree murder and two counts of felony murder (with robbery and kidnapping as the predicate crimes).

3

Wimbush was killed in an unrelated homicide in 1998, while Bolt remained a fugitive at the time of Brooks's 2006 trial. In light of Wimbush's unavailability, Brooks's counsel sought to exclude any mention of his statement to the police. The trial judge excluded testimony about the contents of Wimbush's statement but, pursuant to the "information received" rule, permitted Detective Mark Bendul to testify that the murder investigation had been "reopened" based on what Wimbush had said, focusing on "Jerome Brooks and Albert Bolt."[2] (A899).

Brooks took the stand at trial and repudiated his confession. He told the jury that Bolt had coerced him into participating in the robbery. He also denied firing the fatal shots. Brooks claimed that Bolt had handed him a gun and ordered him to shoot Arenas, and when he refused, Bolt attempted to grab back the gun. In the ensuing struggle, the gun accidentally discharged, the bullet striking Arenas behind his right ear, causing a non-fatal wound. As he walked back towards the getaway car, Brooks said that he heard Bolt fire the lethal shots. Brooks testified that he confessed to shooting Arenas four times only after police promised him that he would be charged with manslaughter and receive a sentence to run concurrent with his pending drug charges.

In his closing argument, the prosecutor reminded the jury that Detective Bendul had "reviewed the file" and, as a result, "knew about Albert Bolt [and] Jerome Brooks."

---

[2] "It is well settled that the hearsay rule is not violated when a police officer explains the reason he approached a suspect or went to the scene of the crime by stating that he did so 'upon information received.' Such testimony has been held to be admissible to show that the officer was not acting in an arbitrary manner or to explain his subsequent conduct." *State v. Bankston*, 63 N.J. 263, 268 (1973) (citing E. Cleary, McCormick on Evidence § 248, p. 587 (2d ed. 1972)).

4

(A1034; 1037). He also told the jury that based on a review of "the various reports in the file," Bendul had made "the effort, obviously, to go and find that Jerome Brooks." (A1037). The judge instructed the jury on the elements of murder and felony murder, and at Brooks's request, on accident as a defense. Brooks was convicted of first degree murder and sentenced to life in prison.

Brooks sought post-conviction relief in the New Jersey state court, arguing that the testimony elicited from Detective Bendul about Wimbush's statement, when combined with the prosecutor's closing remarks, violated his rights under the Confrontation Clause. The New Jersey Appellate Division disagreed, holding that the references to the statement at trial did not lead "inescapably" to the inference that Wimbush had implicated Brooks in the murder. Moreover, the appellate court ruled that "even if the detective's statements at trial respecting his conversations with Wimbush" violated the Confrontation Clause, "in view of defendant's confession and his testimony at trial, the error was harmless." *State v. Brooks*, No. A-4247-10T1, 2012 WL 2369326, at *11 (N.J. Super. Ct. App. Div. June 22, 2012).

Brooks then filed this petition for a writ of habeas corpus in federal court, arguing that his confrontation right had been violated, and that his state counsel had rendered ineffective assistance by failing to raise the issue on appeal. The District Court denied the petition, holding that the state court had "reasonably concluded that [the detective's] testimony fell short of a violation of the Confrontation Clause because his statement did not create an inescapable inference that [Brooks] was guilty," and observing that the "jury might have inferred [from Bendul's testimony] only that Petitioner had further

5

information that might help the investigation." *Brooks v. Warren*, No. 13-2545(SRC), 2016 WL 1704380, at *9 (D.N.J. Apr. 28, 2016). The District Court also noted that, even assuming that the comments about the statement had run afoul of the Confrontation Clause, any error was harmless in light of all the other evidence in the case.[3]

## II. Discussion

This court granted a certificate of appealability "as to Brooks's claim that appellate counsel provided ineffective assistance of counsel by failing to challenge the admissibility of the statement of Ronald Wimbush, a non-testifying co-conspirator, as a violation of the Confrontation Clause."[4] We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), to obtain habeas relief, Brooks must establish that "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and that the state court decision in question was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination

---

[3] The District Court brushed aside the claim of ineffective assistance in light of its finding of an absence of a constitutional violation. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

[4] The Certificate of Appealability also noted that "[j]urists of reason would debate whether the challenged testimony contained an implicit accusation of Brooks," and concluded that "Brooks has made a substantial showing, *see* 28 U.S.C. § 2253(c), that Detective Bendul's testimony and the prosecutor's closing argument violated the Confrontation Clause."

of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision amounts to an unreasonable application of federal law "if the court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005); *see also Rountree v. Balicki*, 640 F.3d 530, 537 (3d Cir. 2011).

Brooks's Confrontation Clause argument, and the ineffective-assistance-of-counsel claim arising out of it, rests on a line cases anchored on *State v. Bankston,* 63 N.J. 263 (1973), which held that "[w]hen the logical implication to be drawn from the testimony leads the jury to believe that a non-testifying witness has given the police evidence of the accused's guilt, the testimony should be disallowed as hearsay." *Id.* at 271. *See also State v. Branch,* 182 N.J. 338, 350 (2005) (noting that "*Bankston* . . . makes clear that both the Confrontation Clause and the hearsay rule are violated when, at trial, a police officer conveys, directly or by inference, information from a non-testifying declarant to incriminate the defendant in the crime charged."). Although the contents of Wimbush's statement were not admitted at trial, Brooks argues that the ineluctable inference to be drawn from Detective Bendul's testimony and the prosecutor's summation was that Wimbush had identified Brooks as the murderer. Because his Confrontation Clause rights were violated, in turn, Brooks argues that his appellate counsel was ineffective in failing to raise that claim.

We agree that Bendul's testimony, when coupled with the prosecutor's contention that because the police were familiar with Wimbush's statement, they "knew about" Brooks (A1037), likely violated the Confrontation Clause, and that Brooks' counsel was

7

ineffective for failing to raise the issue on appeal. However, we also agree with the District Court that any violation of the Confrontation Clause amounted to harmless error.

Constitutional error is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Factors that a federal court is to consider in determining whether a Confrontation Clause error was harmless "include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). There is an additional hurdle to surmount – because the New Jersey Appellate Division found that any Confrontation Clause error was harmless, we may not grant habeas relief "unless [that] *harmlessness determination itself* was unreasonable." *Fry v. Piller,* 551 U.S. 112, 119 (2007) (emphasis in original).

Here, insofar as Detective Bendul's testimony suggested that authorities knew from Wimbush's statement that Brooks had been involved in the murder of Arenas, there was strong "evidence corroborating . . . [that] testimony," *Van Arsdall*, 475 U.S. at 684, namely Brooks's confession and his trial testimony, in which despite the recantation of his confession, Brooks admitted that he was at the scene of the crime holding a gun. The jury also heard Brooks's taped confession, in which he admitted to shooting Arenas four times. In sum, in light of "the overall strength of the prosecution's case," *id.*, we are not

convinced that the New Jersey Appellate Division's "harmlessness determination . . . was unreasonable." *Fry*, 551 U.S. at 119.

Because any error in the admission of Detective Bendul's testimony was harmless, Brooks's ineffective assistance claim necessarily fails under the two-prong standard set out in *Strickland*.[5] *See Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 850 (3d Cir. 2017). Under *Strickland*, a defendant must show that his counsel's performance was deficient, and that the deficient performance was prejudicial. *Strickland*, 466 U.S. at 687. An attorney's deficient performance is prejudicial only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id.* at 694. For the same reasons articulated above – most notably "the overall strength of the prosecution's case," *Van Arsdall*, 475 U.S. at 684 – we cannot say that the New Jersey Appellate Division was unreasonable in concluding that Brooks suffered no prejudice because "[t]he likelihood of a different result [is not] substantial[.]" *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

### III. Conclusion

For the foregoing reasons, we affirm the District Court's denial of Brooks's habeas petition.

---

[5] The District Court elected to analyze Brooks's petition for habeas relief by focusing on whether the Confrontation Clause violation, if any, was harmless under *Brecht*, rather than whether any ineffective assistance rendered by counsel was prejudicial under *Strickland*. However, we note that the two standards, for all practical purposes, are more or less identical and lead to the same result. *See Breakiron v. Horn*, 642 F.3d 126, 147 n.18 (3d Cir. 2011) (noting that "*Strickland* prejudice and *Brecht* harmless error are essentially the same standard") (citations omitted).