**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1014
_____

AIDONG CHEN,
                                        Appellant

v.

KPMG, LLP.;
WILLIAM KOCH; DAVID HALIK; SIMON PHILLIPS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-12650)
District Judge:  Honorable Madeline Cox Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 29, 2021
Before:  CHAGARES, PHIPPS, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 29, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Aidong Chen appeals from the District Court's order granting defendant KPMG's motion for summary judgment. For the following reasons, we will affirm the District Court's judgment.

## I.

As we write primarily for the parties, who are familiar with the facts and procedural history, we will discuss the details only as they are relevant to our analysis. Chen worked at KPMG from 2014 until he was terminated in 2017. He worked within Lighthouse Operations Technology, a specialized research and development group. Among other projects, Chen facilitated and developed an initiative involving the use of graphical processing units (GPUs) in artificial intelligence. Chen alleged that a group of his Lighthouse colleagues and supervisors, all Caucasian men, systematically undermined and harassed him in order to steal credit for his work and gain control of the GPU project, leading to his termination. He alleged that this treatment aligned with a broader pattern of discrimination within Lighthouse against non-Caucasian employees.

Chen filed this suit in 2018, naming KPMG and three individuals as defendants and bringing claims under Title VII of the Civil Rights Act of 1964 for race and national origin discrimination and retaliation. See 42 U.S.C. § 2000e-2(a). The District Court granted the individual defendants' motion to dismiss the claims against them. The parties engaged in a tense discovery process, overseen by a Magistrate Judge.[1] In October 2019,

---

[1] During the discovery process, Chen raised a new claim for relief based on alleged intellectual property issues surrounding the GPU project. Chen never sought to amend his complaint to include this or any other claim in this action, but instead filed a separate

the case was reassigned to a new Magistrate Judge. This second Magistrate Judge

rejected Chen's efforts to extend discovery and permitted KPMG to file a motion for

summary judgment. The District Court granted that motion and terminated Chen's suit in

an opinion and order entered on November 24, 2020. Chen appeals.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291.[3] We review the District Court's

grant of a motion to dismiss de novo. Newark Cab Ass'n. v. City of Newark, 901 F.3d

146, 151 (3d Cir. 2018). "We review a district court's discovery orders for abuse of

discretion, and will not disturb such an order absent a showing of actual and substantial

prejudice." Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010). We

exercise plenary review over a grant of summary judgment, applying the same standard

that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.,

---

lawsuit. See Complaint, Chen v. KPGM LLP, No. 2-20-cv-09314 (D.N.J. July 27, 2020), ECF No. 1. Chen appealed the District Court's eventual dismissal of that case. C.A. No. 21-1202.

[2] The Defendants move to dismiss Chen's appeal as untimely, citing the notice of appeal that Chen mailed to this Court on December 23, 2021, and that we received on December 31, 2021. While that document cannot serve as a timely notice of appeal in this case, Chen had previously filed a document in the District Court (ECF No. 92) in which he clearly evinced his intent to appeal. We construe that document, filed on November 25, 2021, as his timely notice of appeal. See 3d Cir. L.A.R. 3.4; see also Smith v. Barry, 502 U.S. 244, 245 (1992) (explaining that an appellate brief may be construed as notice of appeal); Rountree v. Balicki, 640 F.3d 530, 536 (3d Cir. 2011) (construing a pro se motion for extension of time to file for a certificate of appealability as a notice of appeal).

[3] In his brief, Chen raises an argument in passing regarding the District Court's March 2021 order granting KPMG's motion for taxation of costs. Appellant's Br. 18-19, 3d Cir. ECF No. 17. However, Chen did not appeal from that order, and we do not reach that issue.

3

877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "must view the facts and evidence presented in the light most favorable to the nonmoving party." Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020). But that party may not rely on speculation and conclusory allegations. Id. "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

### III.

On appeal, Chen offers few arguments concerning the substantive merits of the District Court's dispositive decisions. Instead, he raises various procedural objections and baselessly alleges that the District Court and defendants conspired against him. We briefly address Chen's allegations before turning to the District Court's dismissal of the individual defendants and the grant of summary judgment as to KMPG.

Chen claims that discovery was unfairly curtailed after the defendants failed to cooperate with his requests.[4] While "we tend to be flexible when applying procedural

---

[4] Because the second Magistrate Judge assigned to the case did not rule in Chen's favor on discovery matters, Chen baselessly alleges judicial bias and speculates that KPMG corruptly triggered the reassignment. Chen's allegations are frivolous. Cf. Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) ("[A]dverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias.").

Chen also repeatedly relies on misinterpretations of the record. For instance, defense counsel prepared a draft discovery confidentiality order including a provision permitting a producing party to modify the confidentiality designation applied to

4

rules to pro se litigants," they ultimately "cannot flout" such rules and "must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). Chen was repeatedly advised to conform his discovery requests and related motions to the Federal Rules of Civil Procedures, Local Civil Rules, and relevant procedural orders in the case. See Letter Order of November 19, 2018, ECF No. 21; Letter Order of January 28, 2019; ECF No. 28; Pretrial Scheduling Order, ECF No. 32; Order of July 17, 2019, ECF No. 42; Text Order of December 4, 2019, ECF No. 56; Letter Order of March 6, 2020, ECF No. 62. The District Court considered and rejected Chen's repetitive discovery arguments. See Order of July 17, 2019, ECF No. 42; Letter Order of March 6, 2020, ECF No. 62; Text Order of June 16, 2020, ECF No. 78. After reviewing the record, we discern no error in these discovery rulings. Furthermore, Chen made no showing of actual prejudice because he has not explained how the

discovery material. See ECF No. 25 at 30-31. Chen objected to this provision, mistakenly construing it as license to alter the discovery material itself, and Chen continues to cite this exchange as evidence of defense counsel's malfeasance. See, e.g., Appellant's Br. 9, 3d Cir. ECF No. 17. Similarly, Chen's account of a July 17, 2019 teleconference is not supported by the transcript in the record. See ECF No. 60 at 2-3. The Magistrate Judge, addressing recent letters filed by both Chen and defense counsel, warned both sides to refrain from "[m]aking scurrilous accusations" and expressed that he had no interest in putting his education and legal training to use in dealing with such things (although he would if necessary). Id. Chen misunderstood this reference to the Magistrate Judge's legal education as a veiled reference to defense counsel's legal credentials and has repeatedly mischaracterized the exchange and the broader results of the teleconference. See, e.g., Letter, ECF No. 58 at 3.

discovery sought would have resolved the specific evidentiary deficiencies identified by the District Court in granting KPMG's motion for summary judgment.[5]

The District Court correctly dismissed Chen's claims against the individual defendants because "individual employees are not liable under Title VII." Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (per curiam).  Chen's complaint identified only Title VII claims. Compl. 5, ECF No. 1.  He could not bring such claims against the individual defendants, and he never sought to amend his complaint to add any other claims.  Chen does not dispute (or indeed acknowledge) this analysis, but he notes that the District Court's order stated that he did not oppose the defendants' motion.  Letter Order of May 6, 2019 at 1, ECF No. 35.  Chen did oppose the motion, albeit in an untimely manner.[6]  But Chen's filings did not address the legal basis of the defendants' motion.  While the District Court failed to note Chen's opposition, the District Court did not err in granting the individual defendants' motion to dismiss the claims against them.

The District Court granted KPMG's motion for summary judgment because Chen failed to provide evidence necessary to establish a prima facie case for either his discrimination or retaliation claims, leaving no genuine issues of material fact.  After

---

[5] Similarly, Chen implies that he was harmed because the District Court improperly sealed certain filings.  But sealed materials, while unavailable to the public, remain available to the courts.  Chen was free to seek to submit under seal any confidential discovery materials to the court in opposing summary judgment.

[6] The defendants filed their motion on October 10, 2018.  On October 29, the defendants noted that Chen had not filed a timely response pursuant to Local Civil Rule 7.1(d)(2).  Chen first opposed the motion as part of a collection of filings dated November 1.  Opp., ECF No. 23 at 2-3.

careful review of the record, we agree.[7] On the summary judgment record, no reasonable jury could find that the circumstances in question supported an inference of unlawful discrimination based on race or national origin, as required for Chen's discrimination claim. See In re Tribune Media Co., 902 F.3d 384, 402 (3d Cir. 2018).[8] As to retaliation, Chen did not provide evidence that he engaged in applicable protected activity prior to any adverse action, let alone any causal connection between protected activity and adverse action. See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006).

## IV.

Accordingly, we will affirm the judgment of the District Court.[9]

---

[7] Beyond seeking reversal of the District Court's order, Chen provides no substantive arguments concerning summary judgment on appeal and so forfeits any more detailed challenge. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.3 (3d Cir. 2020).

[8] In his complaint and opposition to the defendants' motion for summary judgment, Chen alleged that Lighthouse favored Caucasians and described Lighthouse's treatment of several other non-Caucasian employees. The District Court treated these allegations as attempted "comparator evidence" and faulted Chen for failing to show that these other individuals were similarly situated. While a plaintiff can attempt to establish discrimination by showing that "the employer has treated more favorably similarly situated persons not within the protected class," Chen's allegations concerning the treatment of other non-Caucasian employees are better understood as attempts to show that "the employer has discriminated against other persons within the plaintiff's protected class or another protected class." Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998). In any case, Chen failed to submit any testimony or other evidence concerning these allegations. And even if Chen established a prima facie case, he did not provide sufficient evidence to prove that KPMG's explanation for his termination was pretextual. See In re Tribune, 902 F.3d at 402.

[9] For the reasons given above, the defendants' motion to dismiss the appeal is denied. 3d Cir. ECF No. 12. We also deny the requests for sanctions, reassignment of the case, and direct relief against the defendants that Chen made in his brief. Appellant's Br. 9, 3d Cir. ECF No. 17.