NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1691
_____

JEFFREY L. KEITH,

Appellant
v.

COMMONWEALTH OF PA;
STATE ATTORNEY GENERAL OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-08-cv-01998)
District Judge:  Honorable Richard P. Conaboy
_____

Argued May 17, 2012
Before:  SMITH and FISHER, *Circuit Judges*, and STEARNS,[*] *District Judge*.

(Filed: June 8, 2012)

Peter A. Levin (Argued)
1927 Hamilton Street
Philadelphia, PA  19130
        *Counsel for Appellant*

Matthew D. Fogal (Argued)
Franklin County Office of District Attorney
157 Lincoln Way East

_____

[*]The Honorable Richard G. Stearns, District Judge for the United States District Court for the District of Massachusetts, sitting by designation.

Chambersburg, PA  17201
      *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Jeffrey Keith ("Keith") appeals the District Court's denial of his habeas petition under 28 U.S.C. § 2254.  He submits that the State court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in rejecting his ineffective assistance of counsel claim.  For the reasons stated below, we will affirm the District Court.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

On August 24, 2002, Keith was involved in a physical altercation with Tori Smith ("Smith").  According to the sentencing court, Keith followed Smith home, held her, restrained her in her home by locking the door, punched her in the face, knocked her down, threatened to kill her, and attempted to sexually assault her.  Keith was eventually charged with making terroristic threats (in violation of 18 Pa. Cons. Stat. § 2706), unlawful restraint (in violation of 18 Pa. Cons. Stat. § 2902), indecent assault (in violation of 18 Pa. Cons. Stat. § 3126(a)(1)), burglary (in violation of 18 Pa. Cons. Stat.

§ 3502(a)), and two counts of simple assault (in violation of 18 Pa. Cons. Stat. § 2701(a)(1)).

On December 27, 2002, on the advice of trial counsel, Keith pled *nolo contendere* to one count of simple assault, one count of making terroristic threats, and one count of criminal trespass (in violation 18 Pa. Cons. Stat. § 3503), which was reduced from the initial burglary charge. After the sentencing hearing on March 5, 2003, Keith was sentenced to consecutive sentences of 12 to 24 months' imprisonment for simple assault, 17 to 60 months' imprisonment for making terroristic threats, and 17 to 60 months' imprisonment for criminal trespass. At the end of the hearing, Keith's counsel informed the court that Keith was considering withdrawing his plea. The court informed Keith about the specific procedures he would have to follow to withdraw his plea or to challenge his sentence. Keith filed a timely appeal of his judgment of sentence, which was denied.

Next, Keith filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*, alleging that trial counsel was ineffective for failing to withdraw his plea before the sentencing court imposed his sentence. The first PCRA hearing was held on December 1, 2005. Keith testified that after reviewing his 1997 pre-sentence investigation report ("PSR")[1] during the sentencing hearing, but before his sentence was actually imposed, he informed trial counsel he wanted to withdraw his

---

[1] This PSR, prepared on November 26, 1997, was regarding a prior conviction for which Keith served his sentence and was on parole when he committed the instant offenses against Smith.

3

plea. According to Keith's testimony, trial counsel told him to "wait" and did not move to withdraw his plea until after his sentence was imposed.

The PCRA hearing continued on April 25, 2006, with the testimony of Keith's trial counsel. Trial counsel testified that during the sentencing hearing, the court gave her and Keith an opportunity to review Keith's 1997 PSR, and this was when Keith told her that he was considering withdrawing his plea. According to trial counsel's testimony, she subsequently "explained to [Keith] that if he withdrew his plea at that point[,] he would [face] all of the charges for which he had been [initially] charged[,] including the felony one burglary," which could subject him to Pennsylvania's three strikes rule. And, "at that point, [] Keith agreed to go forward with the sentencing." Trial counsel stated that if Keith was clear that he wanted to withdraw his plea, she would have followed his direction.

The Franklin County Court of Common Pleas dismissed Keith's PCRA petition. The court credited the testimony of trial counsel over that of Keith, determining that Keith ultimately did not instruct trial counsel to withdraw the plea. The Superior Court denied Keith's appeal on the same basis, and the Supreme Court of Pennsylvania denied Keith's petition for appeal.

Keith's initial 28 U.S.C. § 2254 habeas petition in the U.S. District Court for the Middle District of Pennsylvania was denied because he had not exhausted all available state court remedies. He filed his petition again on November 4, 2008, after meeting the exhaustion requirement. The District Court denied his petition. Keith filed a timely

Notice of Appeal, and this Court issued a Certificate of Appealability ("COA") on the issue of whether "trial counsel [was] ineffective in failing to move to withdraw Appellant's *nolo contendere* plea prior to the state trial court's imposition of sentence."[2]

## II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 2254(a). We have appellate jurisdiction under the same. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), where the habeas petitioner's claim was adjudicated on the merits in state court, a federal court's review is limited to determining whether the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or whether the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). When a federal court reviews a habeas petition challenging a state court decision, "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III.

Keith submits that under AEDPA, the PCRA court unreasonably applied *Strickland*'s two-prong test for determining ineffective assistance of counsel, which

---

[2] At the time the COA was granted, the record was incomplete and trial counsel's testimony at the PCRA hearing was not available.

requires a showing of (1) counsel's deficient performance and (2) prejudice. *See Strickland*, 466 U.S. at 687. He argues that trial counsel was deficient when she failed to move to withdraw Keith's *nolo contendere* plea before the State court imposed its sentence and that this prejudiced Keith by preventing him from going to trial. The PCRA court's decision was based on a factual finding that Keith ultimately did not instruct counsel to withdraw his *nolo contendere* plea prior to sentencing. Thus, this Court must first determine whether Keith has shown by clear and convincing evidence that this factual determination was unreasonable in light of the record. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Rountree v. Balicki*, 640 F.3d 530, 538 (3d Cir. 2011). If the factual determination was reasonable, then the Court must determine whether the PCRA court unreasonably applied clearly established federal law to this fact. *See Rountree*, 640 F.3d at 537.

In finding that Keith ultimately did not instruct trial counsel to withdraw his plea, the PCRA court credited the testimony of trial counsel over that of Keith. When a state court arrives at a factual finding based on credibility determinations, the habeas court must determine whether that credibility determination was unreasonable. *See Rice v. Collins*, 546 U.S. 333, 339 (2006). Here, the PCRA court was not unreasonable for crediting the testimony of trial counsel over that of Keith. It was reasonable for the PCRA court to believe that Keith decided to accept the plea after considering the serious consequences of going to trial and to give less weight to Keith's self-serving testimony, which was the only evidence that contradicted trial counsel's statements. Moreover, even

6

if "[r]easonable minds reviewing the record might disagree about [trial counsel's] credibility, [] on habeas review that does not suffice to supersede the [State] court's credibility determination." *Rice*, 546 U.S. at 341-42. Because the state court's factual findings are presumed correct, and Keith failed to rebut this presumption by clear and convincing evidence, the PCRA court's finding that Keith ultimately did not instruct counsel to withdraw his plea was reasonable under AEDPA.

Next, this Court must determine whether the PCRA court unreasonably applied clearly established federal law to its factual finding that Keith did not instruct counsel to withdraw his plea. The parties agree that in determining whether counsel provided ineffective assistance, the Supreme Court in *Strickland* clearly established a two-prong test, requiring the defendant to show that (1) counsel provided deficient assistance and (2) there was prejudice as a result. 466 U.S. at 687.

Keith presented no argument before the PCRA court that even if he had not instructed trial counsel to withdraw the plea, trial counsel's performance was deficient. Nor did he contend that absent his instruction, trial counsel was responsible for revisiting his initial desire to withdraw the plea. Thus, the State court's determination that counsel did not provide deficient performance under *Strickland* was reasonable, and it did not need to reach the issue of prejudice. *See Strickland*, 466 U.S. at 697. Accordingly, the PCRA court's decision denying Keith's ineffective assistance claim did not involve an

unreasonable determination of facts or an unreasonable application of clearly established federal law.[3]

## IV.

For the foregoing reasons, we will affirm the District Court's denial of the habeas petition.

---

[3] This Court requested supplemental briefing on the applicability of the Supreme Court's recent decision in *Lafler v. Cooper*, 1332 S. Ct. 1376 (2012), to this case. *Lafler* is distinguishable because there, all parties conceded that counsel's performance was deficient, so the Supreme Court had no occasion to address the first prong of the *Strickland* test, which is at issue here. *Id.* at 1391. Moreover, in *Lafler*, the defendant submitted that he was prejudiced by foregoing the plea offer based on counsel's advice. *Id.* at 1385. In contrast, Keith contends that he was prejudiced by accepting the plea offer and foregoing trial. Thus, *Lafler* is inapplicable to the instant case.